Day, J.
 

 This was an ordinary action in conversion, with a second cause of action for the recovery of dividends declared upon the stock claimed to have been converted, and for exemplary and compensatory damages by reason of the wrongful conversion.
 

 There are certain things found by the courts below which narrow this inquiry down to the question of the measure of damages in a ease of this character. Both courts below found that thercwas a conversion of the stock in question, the court of common pleas finding for Booth, the plaintiff below, nominal damages only. The Court of Appeals reversing this finding allowed compensatory damages under the rule of the market value of the stock at the time that the right of action accrued upon the first cause of action, but, not finding any malice justifying exemplary damages, refused to allow more on the second cause of action than the dividends theretofore declared upon the stock, and interest thereon.
 

 The question presented, therefore, becomes a single one: What is the rule of the measure of damages in Ohio for the conversion of stock by refusal to transfer without a good and legal excuse so to do, but without malice?
 

 An early decision upon this point in Ohio is
 
 *366
 

 Fosdick
 
 v.
 
 Greene,
 
 27 Ohio St., 484, 22 Am. Rep., 328, wherein it was laid down:
 

 “When a canse of action does accrue in such case, the measure of damage will be the market value of such stock at the time the cause of action accrued. If at that time the stock was worthless, only nominal damages can be recovered.”
 

 If the stock had no market value, then the measure of damages is its actual value to be determined by all the circumstances, such as dividend earning capacity, good will of the corporation, or any other element going to make up its actual value.
 
 Freon
 
 v.
 
 Carriage Co.,
 
 42 Ohio St., 30, 38, 51 Am. Rep., 794.
 

 ' These rules have been generally followed in Ohio since decision of above cases.
 

 It is urged by the defendant in error that a different rule having been recognized in other states, the doctrine of intermediate values should be adopted, and that, having filed a cross-petition in'error in this case, he is entitled to the benefit of that doctrine, it being claimed that the stock in question having a fluctuating value, and the record showing that a few days after October 16, 1922, it went to $14 a share, he, Booth, the defendant in error, is entitled to an allowance of this increase in value. In support of this view it is urged that the so-called New York rule should be adopted in this instance. This rule may be stated as follows: That the plaintiff may be entitled to recover the highest intermediate value within a reasonable time after conversion. The Court of Appeals refused to recognize this rule, but followed
 
 Fosdick
 
 v.
 
 Greene, supra,
 
 and allowed $12 per share, to
 
 *367
 
 gether with the dividends and interest, the record showing that on October 16, 1922, the date of the alleged conversion, the market value of the stock in question was $12 per share.
 

 In so doing we think the Court of Appeals committed no error, and with great respect for the decisions of other states that have adopted a different rule we see no reason to depart from the announcement of this court in its previous decisions.
 

 . It is claimed in this case that the judgment of the trial court should be affirmed, and that of the Court of Appeals reversed, because a refusal to transfer corporate stock upon the books of the company does not, under the present statute, amount to a conversion of the stock. Whether or not there was a conversion is a mixed question of law and fact, but the record in this case shows that the trial court must have found there was a conversion, although it allowed only nominal damages. If the decision of the court of common pleas should be held to be a finding that there was no conversion, then the contention of the plaintiff in error in that regard would doubtless be correct; but the judgment which the trial court rendered precludes that conclusion, because it allowed a judgment in favor of the plaintiff below on the first cause of action for one cent damages, and on the second cause of action, for the dividends, $T6.50, and interest thereon, making a total of $17.03. In other words, upon the issues joined, the judgment of the court was in favor of the plaintiff below upon both causes of action, so that the consideration of this case must start with the fact as found that there was a conversion of the
 
 *368
 
 stock in question. No exception was taken to the finding of the trial court by the Cincinnati Finance Company, and it would now be estopped from denying the correctness of the trial, court’s judgment. So, starting with the proposition that there was a conversion in the case, nothing remained but to apply the correct measure of damages, and the Court of Appeals was right in so finding.
 

 A further question was presented in argument and is discussed in the briefs of counsel, to-wit, whether the so-called Uniform Stock Transfer Act, Section 8673-1, General Code, has taken away the right to bring an action for conversion by one who is a
 
 bona fide
 
 holder and .owner of stock when the corporation refuses to transfer the same upon its books "without lawful excuse.
 

 This question has not been uneonsidered, nor should the inference be drawn that the judgment below would be disturbed thereby, but a majority of the court are of opinion that the judgment of affirmance should be rested upon the grounds above indicated. Entertaining these views, it follows that the judgment of the Court of Appeals should be affirmed.
 

 Judgment affirmed.
 

 Robinson, Jones, Matthias, Allen, and Conn, JJ., concur.