**WOZNIAK, Appellee,**

v.

**WOZNIAK, Appellant.**

[Cite as *Wozniak v. Wozniak* (1993), 90 Ohio App.3d 400.]

Court of Appeals of Ohio,
Summit County.

No. 16135.

Decided Sept. 22, 1993.

*M.J. Moran,* for appellee.

*Thomas Wozniak, pro se.*

REECE, Judge.

Defendant-appellant, Thomas Wozniak, appeals from a jury verdict in the probate court of Summit County finding him guilty under R.C. 2109.52 of wrongfully concealing, embezzling, or conveying assets of the estate of his mother, Helen Folk. Wozniak also appeals the probate court's declaratory judgment finding that a 1959 Jaguar sports car was property of the estate of Helen Folk and that Wozniak was personally liable to the estate for three mortgages encumbering estate property.

Wozniak, however, has provided this court with only a partial transcript of the probate court proceedings. Consequently, our recitation of the facts leading to this appeal is limited.

Joseph Wozniak, brother of the appellant, brought this action in December 1990 under R.C. 2109.50 *et seq.,* claiming that Thomas Wozniak was wrongfully in possession of assets from their mother's estate. Joseph's complaint focused on a trust dated September 3, 1969 created by Helen Folk as grantor-beneficiary and administered by Thomas as trustee. Part of the corpus of the trust was an antique 1959 Jaguar sports car. Joseph alleged that Thomas had concealed, embezzled, or conveyed assets belonging to the estate and trust. Thomas cross-claimed, alleging under R.C. 2109.50 that Joseph had concealed, embezzled, or conveyed assets from their mother's estate. Finally, Joseph sought a determina-

tion of whether the estate or Thomas was liable for three mortgages that were secured by estate property but the proceeds from which were used to benefit Thomas personally.

The jury found Thomas guilty of concealing, embezzling, or conveying assets of Helen Folk's estate and awarded the estate $41,687 as damages. The court added on the statutory ten-percent penalty and awarded interest from August 18, 1988, the date the original estate inventory and appraisal were filed in the probate court by the administrator of Helen Folk's estate.

The jury found Joseph guilty on the cross-claim of concealing, embezzling, or conveying assets of the estate and awarded the estate $3,550 as damages. The probate court assessed the ten-percent penalty and awarded interest from August 18, 1988.

The probate court also entered a declaratory judgment. The court found that a 1959 Jaguar in Thomas's possession was estate property. The court further found that Thomas was liable to the estate for three personal obligations that were secured by mortgages on estate property.

Thomas Wozniak appeals, asserting eight assignments of error.

Wozniak's first two assignments of error relate to the jurisdiction of the probate court under R.C. 2109.50.

### Assignments of Error 1 and 2

"1. The lower court erred in overruling appellant's motion to dismiss, made on the grounds that the court lacked jurisdiction under R.C. Section 2109.50.

"2. The trial court erred in allowing the plaintiff to bring the present action, as the proper party and only authority to bring suit under the present case resides exclusively with the administrator."

R.C. 2109.50 provides in pertinent part:

"Upon complaint made to the probate court of the county having jurisdiction of the administration of a trust estate or of the county wherein a person resides against whom the complaint is made, by a person interested in such trust estate or by the creditor of a person interested in such trust estate against any person suspected of having concealed, embezzled, or conveyed away or of being or having been in the possession of any moneys, chattels, or choses in action of such estate, said court shall by citation, attachment or warrant, or, if circumstances require it, by warrant or attachment in the first instance, compel a person or persons so suspected to forthwith appear before it to be examined, on oath, touching the matter of the complaint. * * *

" * * *

"The probate court shall forthwith proceed to hear and determine the matter.

"The examinations, including questions and answers, shall be reduced to writing, signed by the party examined, and filed in the probate court.

"If required by either party, the probate court shall swear such witnesses as may be offered by either party touching the matter of such complaint and cause the examination of every such witness, including questions and answers, to be reduced to writing, signed by the witness, and filed in the probate court."

Additionally, R.C. 2109.52 states:

"When passing on a complaint made under section 2109.50 of the Revised Code, the probate court shall determine, by the verdict of a jury if either party requires it or without if not required, whether the person accused is guilty of having concealed, embezzled, conveyed away, or been in the possession of moneys, chattels, or choses in action of the trust estate. If such person is found guilty, the probate court shall assess the amount of damages to be recovered or the court may order the return of the specific thing concealed or embezzled or may order restoration in kind. * * * In all cases, except when the person found guilty is the fiduciary, the probate court shall forthwith render judgment in favor of the fiduciary or if there is no fiduciary in this state, the probate court shall render judgment in favor of the state, against the person found guilty, for the amount of the moneys or the value of the chattels or choses in action concealed, embezzled, conveyed away, or held in possession, together with ten per cent penalty and all costs of such proceedings or complaint; except that such judgment shall be reduced to the extent of the value of any thing specifically restored or returned in kind as provided in this section."

█ To be an interested party under R.C. 2109.50, the plaintiff must allege a sufficient relationship to the estate entitled to recover the concealed assets. *Fecteau v. Cleveland Trust Co.* (1960), 171 Ohio St. 121, 126, 12 O.O.2d 139, 141, 167 N.E.2d 890, 893. In *Fecteau,* the plaintiff alleged a relationship to the estate of Peter Fecteau through her deceased husband, Edward Fecteau, who died two years after Peter and who was Peter's son and only heir at law. *Id.* at 122, 12 O.O.2d at 139, 167 N.E.2d at 891. The court found that the plaintiff's relationship to the estate entitled her to bring an action under R.C. 2109.50 because she would be "an ultimate beneficiary of [the estate] in some appreciable amount which would certainly make her an interested person." *Id.* at 126, 12 O.O.2d at 141, 167 N.E.2d at 893.

█ Joseph and Thomas Wozniak are the only heirs at law of Helen Folk. Clearly, Joseph is an ultimate beneficiary of the estate's recovery of any concealed assets. Joseph, therefore, is an interested person under R.C. 2109.50.

The purpose of R.C. 2109.50 is to provide a speedy and effective method of discovering assets belonging to the estate and securing their recovery. *Ukrainiec v. Batz* (1982), 24 Ohio App.3d 200, 202, 24 OBR 323, 325, 493 N.E.2d 1368, 1369. The statute is not intended as a substitute for a civil action to collect a debt, obtain an accounting, adjudicate rights under a contract or recover judgment for money owing an executor or administrator. *Id.*

However, the nature of the transaction by which the defendant obtains possession of the concealed asset is not dispositive of whether the probate court has jurisdiction under R.C. 2109.50. For example, *Fecteau* holds that title to joint and survivorship accounts, considered contracts under Ohio law, may be the subject of a complaint pursuant to R.C. 2109.50. See *Ukrainiec, supra,* 24 Ohio App.3d at 202, 24 OBR at 325, 493 N.E.2d at 1369.

Instead, the inquiry under R.C. 2109.50 focuses on the ownership of the asset and whether possession of the asset is being impermissibly concealed or withheld from the estate. Thus, a plaintiff has stated an actionable cause under R.C. 2109.50 if he alleges that the asset is the exclusive property of the estate and that the defendant has unauthorized possession of the asset or in some way has impermissibly disposed of it. See *Fecteau,* 171 Ohio St. at 125, 12 O.O.2d at 141, 167 N.E.2d at 893.

Joseph Wozniak alleged in his complaint that the defendant, Thomas Wozniak, as trustee of a trust created by Helen Folk, transferred to himself assets belonging exclusively to the estate of Helen Folk and that he either concealed or disposed of these assets without authorization from Folk or a representative of her estate. These allegations are sufficient to state an actionable cause under R.C. 2109.50.

The appellant's first two assignments of error are overruled.

### Assignment of Error 3

"The trial court erred in granting jurisdiction under the Declaratory Judgment Act and misapplying the Act to the case at bar."

Wozniak's third assignment of error challenges the jurisdiction of the probate court in a declaratory judgment action.

Under R.C. 2101.24(A)(1)(k), the probate court has jurisdiction to render declaratory judgments in actions involving the administration of an estate. *Corron v. Corron* (1988), 40 Ohio St.3d 75, 78–79, 531 N.E.2d 708, 711–712.

In addition, R.C. 2101.24(B)(1)(b) provides:

"The probate court has concurrent jurisdiction with, and the same powers at law and in equity as, the general division of the court of common pleas to issue writs and orders, and to hear and determine * * *:

" * * *

"(b) Any action that involves an inter vivos trust * * *."

Further, R.C. 2721.05 provides that:

"Any person interested as or through an executor, administrator, trustee, guardian, or other fiduciary, creditor, devisee, legatee, heir, next of kin, or cestui que trust, in the administration of a trust, or of the estate of a decedent, an infant, lunatic, or insolvent, may have a declaration of rights or legal relations in respect thereto in any of the following cases:

" * * *

"(C) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings."

Finally, R.C. 2101.24(C) provides that:

"The probate court has plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by statute."

 Taken together, these statutes permit a plaintiff personally interested in an estate to bring a declaratory judgment action in the probate court to determine the title to estate assets, *LaMar v. LaMar* (June 24, 1992), Medina App. No. 2070–M, unreported, at 4–5, 1992 WL 150277, and to adjudicate questions directly affecting the administration of an estate. *Corron, supra,* 40 Ohio St.3d at 78–79, 531 N.E.2d at 711–712. Thus, in determining whether a declaratory judgment action may be brought in the probate court, the underlying question is whether the assets at issue are related to the administration of the estate. *Bobko v. Sagen* (1989), 61 Ohio App.3d 397, 406–407, 572 N.E.2d 823, 828–829. See, also, *Eger v. Eger* (1974), 39 Ohio App.2d 14, 18, 68 O.O.2d 150, 153, 314 N.E.2d 394, 399 (holding that an interested party seeking to collect every asset belonging to the estate may bring an action in declaratory judgment under R.C. 2721.05 or use the special proceedings provided for in R.C. 2109.50).

 In this action, the probate court clearly had jurisdiction to determine the title to the 1959 Jaguar and whether the estate or Wozniak was liable on the three mortgages secured by estate property. These issues were directly related to the administration of Helen Folk's estate because their resolution was necessary to determine the extent and ultimate distribution of the estate assets.

Appellant's third assignment of error is overruled.

## Assignments of Error 5 and 6

"5. The court erred in overruling appellant's motions to dismiss, directed verdict at the end of the trial and judgment N.O.V. after the trial.

"6. The court erred in declaring the last three notes and mortgages on 77 Wolcott property personal to the defendant.

"The court erred in allowing the jury to determine the intent of the deceased in signing notes and mortgages for the last three liens on the 77 Wolcott property."

■ As a preliminary matter, we must address the sufficiency of the record provided to this court by the appellant. The appellant has the responsibility of providing the reviewing court with a record of the facts, testimony, and evidentiary matters which are necessary to support the appellant's assignments of error. *Volodkevich v. Volodkevich* (1989), 48 Ohio App.3d 313, 314, 549 N.E.2d 1237, 1238. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 220, 400 N.E.2d 384, 385.

■ Thus, if a partial record does not itself conclusively support the trial court's decision, it will be presumed that the omitted evidence does provide the necessary support. Only if it affirmatively appears from the partial record that the omitted evidence was not relevant to the trial court's decision will its absence be disregarded. *In re Adoption of Foster* (1985), 22 Ohio App.3d 129, 131, 22 OBR 331, 332, 489 N.E.2d 1070, 1072.

Wozniak has not met his burden to supply a record that would permit this court to adequately review his claimed error. Without a complete record of the testimony in the probate court, we presume that the omitted testimony supports the probate court's decision and that the probate court correctly entered its declaratory judgment order and properly dismissed Wozniak's motion to dismiss, motion for a directed verdict, and motion for judgment notwithstanding the verdict.

Appellant's fifth and sixth assignments of error are overruled.

## Assignment of Error 7

"The court erred in denying the appellant due process of law in * * * setting forth the issues, the burden of proof, the standard of proof and the convoluted instructions to the jury."

Wozniak argues in his seventh assignment of error that the probate court's instructions to the jury were confusing and misleading.

In determining the appropriateness of jury instructions, an appellate court reviews the instructions as a whole. *Bailey v. Emilio C. Chu, M.D., Inc.* (1992), 80 Ohio App.3d 627, 631, 610 N.E.2d 531, 534; *Wagenheim v. Alexander Grant & Co.* (1983), 19 Ohio App.3d 7, 16, 19 OBR 71, 81, 482 N.E.2d 955, 966. If, taken in their entirety, the instructions fairly and correctly state the law applicable to the evidence presented at trial, reversible error will not be found merely on the possibility that the jury may have been misled. *Ohio Farmers Ins. Co. v. Cochran* (1922), 104 Ohio St. 427, 135 N.E. 537, paragraph six of the syllabus; *Stonerock v. Miller Bros. Paving, Inc.* (1991), 72 Ohio App.3d 123, 134, 594 N.E.2d 94, 101. Moreover, misstatements and ambiguity in a portion of the instructions will not constitute reversible error unless the instructions are so misleading that they prejudicially affect a substantial right of the complaining party. *Becker v. Lake Cty. Mem. Hosp. West* (1990), 53 Ohio St.3d 202, 208, 560 N.E.2d 165, 171; *Stonerock*, 72 Ohio App.3d at 134, 594 N.E.2d at 101.

Upon review of the instructions contained in the record, we find that the probate court correctly stated the applicable law concerning the fiduciary duties a trustee must observe in managing trust property and for actions brought under R.C. 2109.50. If the instructions were at all confusing or misleading, these defects did not rise to a level that prejudicially affected Wozniak's defense.

Appellant's seventh assignment of error is overruled.

### Assignment of Error 4

"The court erred in not granting a new trial based on newly discovered evidence, the existence of which was not known until immediately after trial."

A new trial may be granted pursuant to Civ.R. 59(A)(8) based on "[n]ewly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at trial." The granting of a new trial under Civ.R. 59(A)(8) is within the sound discretion of the trial court. *Douglas Elec. Corp. v. Grace* (1990), 70 Ohio App.3d 7, 16, 590 N.E.2d 363, 368.

In seeking a new trial based on newly discovered evidence, a party must show that the evidence was discovered after trial, that it is material to the issues, that it is not merely cumulative or simply impeaches or contradicts former evidence, and that its introduction would probably change the result if a new trial were granted. *Sheen v. Kubiac* (1936), 131 Ohio St. 52, 5 O.O. 365, 1 N.E.2d 943, paragraph three of the syllabus; *Douglas Elec. Corp.*, 70 Ohio App.3d at 16, 590 N.E.2d at 368. Further, the party must demonstrate that it could not have

discovered, in the exercise of due diligence, the new evidence prior to trial. *Douglas,* 70 Ohio App.3d at 16, 590 N.E.2d at 368.

 Wozniak offered as newly discovered evidence the 1972, 1973 and 1974 federal income tax returns of Helen Folk. Wozniak argues in his brief that these tax returns were filed in boxes stored in the offices of his original defense counsel and that it was only by mere chance that they were located.

Wozniak's original defense counsel was retained until two weeks before this action was heard by the probate court. Wozniak would have us believe that in over a year of trial preparation time, he could not have discovered, in the exercise of reasonable diligence, tax returns located in the offices of the attorney representing him in this matter. We disagree. The trial court did not abuse its discretion in denying Wozniak's motion for a new trial under Civ.R. 59(A)(8).

Appellant's fourth assignment of error is overruled.

### Assignment of Error 8

"The court erred in granting prejudgment interest and postjudgment interest under R.C. Section 2109.50."

Wozniak in his eighth assignment of error argues that the probate court was not authorized under R.C. 2109.50 and 2109.52 to award prejudgment and postjudgment interest on the amount of assets Wozniak was found to have concealed, embezzled, or conveyed from Helen Folk's estate.

 Even though a proceeding under R.C. 2109.50 is *quasi*-criminal in nature, it does not involve the litigation of a criminal act. *In re Estate of Howard* (1947), 79 Ohio App. 203, 213, 34 O.O. 537, 541, 72 N.E.2d 502, 507 (interpreting G.C. 10506–67, predecessor section to R.C. 2109.50). Therefore, a proceeding under R.C. 2109.50 is civil in character and the laws governing a civil action control. *Id.; In re Leiby* (App.1951), 60 Ohio Law Abs. 245, 248, 101 N.E.2d 214, 217, reversed on other grounds (1952), 157 Ohio St. 374, 47 O.O. 265, 105 N.E.2d 583.

 In a civil action, the recovery of prejudgment interest is afforded litigants under both the common law and the statutory provision of R.C. 1343.03(C). *Moore v. Univ. of Cincinnati Hosp.* (1990), 67 Ohio App.3d 152, 154, 586 N.E.2d 213, 214. Generally, though, Ohio common law does not allow prejudgment interest in civil actions based on tortious conduct. *Id.; Cleveland Ry. Co. v. Williams* (1926), 115 Ohio St. 584, 155 N.E. 133, syllabus. Some exceptions to this general rule exist, in particular, actions for conversion of personal property. *Lyle v. Durham* (1984), 16 Ohio App.3d 1, 3, 16 OBR 1, 3, 473 N.E.2d 1216, 1218; *Booth v. Cincinnati Finance Co.* (1923), 19 Ohio App. 130,

135, affirmed (1924), 111 Ohio St. 361, 145 N.E. 543; *Morris v. Pearl Street Auction Co.* (1939), 61 Ohio App. 452, 15 O.O. 283, 22 N.E.2d 740.

A conversion is any exercise of dominion or control wrongfully exerted over the personal property of another in denial of, or under a claim inconsistent with, his rights. *Ohio Tel. Equip. & Sales, Inc. v. Hadler Realty Co.* (1985), 24 Ohio App.3d 91, 93, 24 OBR 160, 162, 493 N.E.2d 289, 291. An action under R.C. 2109.50 involves the unauthorized and wrongful concealment, embezzlement, or conveyance of estate property in denial of, and inconsistent with, the rights of the estate. See *Fecteau*, 171 Ohio St. at 125, 12 O.O.2d at 141, 167 N.E.2d at 893; *Ukrainiec*, 24 Ohio App.3d at 202, 24 OBR at 325, 493 N.E.2d at 1369. In effect, R.C. 2109.50 provides a speedy and effective method of recovering estate property that has been wrongfully converted by the defendant through unauthorized possession.

Accordingly, the general rule in conversion actions is that the plaintiff is awarded interest from the time of conversion. *Lyle*, 16 Ohio App.3d at 3, 16 OBR at 3, 473 N.E.2d at 1218. However, the date of calculation for an award of interest is within the sound discretion of the trial court. *Id.; Cincinnati Ins. Co. v. First Natl. Bank* (1980), 63 Ohio St.2d 220, 226, 17 O.O.3d 136, 139–140, 407 N.E.2d 519, 523. Thus, in *Lyle*, the court of appeals affirmed an award of interest computed from the date the complaint was filed because that was the point at which the plaintiff was certain that he would not be able to amicably recover a contested engagement ring from his ex-fiancee. *Lyle, supra*, 16 Ohio App.3d at 3, 16 OBR at 3, 473 N.E.2d at 1218.

In this case, the probate court awarded interest from the date that the first inventory and appraisal were filed in the probate court by the administrator of Helen Folk's estate. The court reasoned that if the estate assets in Wozniak's possession would have been properly turned over to the administrator at this time, they would have been earning a rate of return because of the administrator's duty to invest under R.C. 2109.41. This determination by the probate court was not an abuse of discretion.

Wozniak's reliance on *Leonard v. State* (1914), 3 Ohio App. 313, is misplaced. In *Leonard*, the court of appeals reversed the probate court's award of interest under G.C. 10678, predecessor to R.C. 2109.52, because even though the defendant wrongfully concealed estate assets after the decedent's death, those assets had been voluntarily given to the defendant for safekeeping without the expectation that they would be invested and earn a rate of return.

In this case, Wozniak was in possession of the estate assets because Helen Folk expected him to invest those assets as a trustee. Additionally, the administrator was required under R.C. 2109.41 to invest the estate assets during the pendency

of the estate administration. Thus, the probate court did not abuse its discretion in awarding prejudgment interest to the estate.

Appellant's eighth assignment of error is overruled.

Wozniak's eight assignments of error are without merit. Accordingly, the judgment of the probate court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and DICKINSON, J., concur.