DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Roderick Hill has appealed from his conviction of rape in the Lorain County Common Pleas Court. He has argued that the trial court incorrectly denied his motion to withdraw his guilty plea without a hearing because the motion was made prior to sentencing and there was sufficient evidence before the trial court that he had been prejudiced by ineffective assistance of counsel.[1] This Court affirms the judgment of the trial court because defendant has not provided an adequate record from which this Court could determine whether or when defendant moved to withdraw his guilty plea, nor has he pointed to anything in the record to support his allegation that he was provided ineffective assistance of counsel in connection with his desire to withdraw his guilty plea.
 I.
On March 6, 1996, defendant was indicted on one count of rape, a violation of Section 2907.02(A)(2) of the Ohio Revised Code, by the Lorain County Grand Jury. He entered a plea of not guilty to the indictment on March 12, 1996. On August 15, 1996, he withdrew that plea and entered a plea of guilty. A short time thereafter, he has claimed, he wrote a letter to the trial judge asking for permission to withdraw his guilty plea, alleging in that letter that the consequences of his guilty plea had not been adequately explained to him by his attorney and that, had he understood those consequences at the time he entered the plea, he never would have done so. That letter was never made part of the trial court record, however, and is, therefore, not part of the record on appeal. See Rule 9 of the Ohio Rules of Appellate Procedure. A sentencing hearing was held on August 26, 1996, during which, defendant has claimed, he made a second, oral request to withdraw his guilty plea. According to defendant, during that hearing, his attorney refused to assist him in moving to withdraw his guilty plea and the trial court denied his motion. A transcript of this hearing, however, has not been made part of the record on appeal. On August 27, 1996, defendant was sentenced to five to twenty-five years in prison. Defendant timely appealed to this Court.
 II.
Defendant's assignment of error is that the trial court incorrectly denied his motion to withdraw his guilty plea without a hearing because the motion was made prior to sentencing and he had presented sufficient evidence that he had been prejudiced by ineffective assistance of counsel. Defendant has claimed that he sent a letter to the trial judge prior to sentencing, outlining his attorney's inadequate explanation of the consequences of his guilty plea and requesting permission to withdraw that plea. No such letter, however, was filed in the trial court. A copy of a letter purporting to be the one at issue was apparently received by the trial court, but was not dated, was not in the form of a motion, and was never filed and made part of the record. The record before this Court, therefore, contains no written motion to withdraw the guilty plea.
Defendant has also claimed to have orally moved to withdraw his plea at the sentencing hearing on August 26, 1996, before sentence was imposed. According to defendant, his attorney failed to assist him at that hearing in attempting to withdraw his plea and the trial judge orally denied the motion during the hearing based on an erroneous understanding of defendant's reasons for the motion. He has attached an excerpt from an alleged transcript of that proceeding to his appellate brief; no transcript of that proceeding, however, has been made part of the record on appeal. The record before this Court, therefore, contains no oral motion to withdraw a guilty plea, no evidence of what defendant's attorney said or failed to say at the sentencing hearing, and no evidence of whether or on what basis the trial court may have denied defendant's alleged motion.
As the appellant, defendant had the responsibility of providing this Court with a record of the facts, testimony, and evidentiary matters necessary to support his assignments of error.Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313, 314. In the absence of a complete record, this Court must presume regularity in the trial court's proceedings and accept its judgment. Wozniak v. Wozniak (1993), 90 Ohio App.3d 400, 409. Defendant has failed to provide a record of a written or oral motion to withdraw his guilty plea, failed to provide a proper transcript of the sentencing hearing, and failed to support his claim that the trial court had before it sufficient evidence of his attorney's ineffective assistance. This Court may not simply presume that there was a motion as claimed, presume it was made when defendant has alleged, presume that defendant's attorney said or failed to say certain things, presume that certain actions were taken by the trial court in response to the motion, and then conduct a review. To do so would be to consider overturning a conviction based on mere allegations. Defendant's assignment of error is overruled.
 III.
Defendant's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Lorain Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ CLAIR E. DICKINSON
FOR THE COURT
BAIRD, J.
SLABY, J.
CONCUR
[1] Defendant's assignments of error have been consolidated for ease of discussion.