DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
The appellants, Willowood Care Center of Brunswick ("Willowood") and Soroka Telle Associates, Inc. ("Soroka"), appeal from the trial court's denial of their motion to assess attorney fees as a sanction against the appellee, Agnes Rader. We affirm.
On July 12, 1996, Agnes Rader filed a complaint in the Medina County Court of Common Pleas against Willowood and Soroka for comments that were allegedly made at an in-service meeting just a few days after she was fired. These comments alleged that Ms. Rader had stolen medical files and had violated the confidentiality of patients. Willowood and Soroka moved for summary judgment based upon: (1) truth as an affirmative defense; (2) qualified privilege as an affirmative defense; and (3) failure to demonstrate a claim against Soroka. On September 4, 1997, the trial court granted summary judgment in favor of Willowood and Soroka. In its judgment entry, the trial court noted the following:
 As to Defendant Soroka Telle and Associates, Inc., Plaintiff did not put forth any arguments to support her claims. As to Defendant Willowood Care Center, Defendant has provided evidence pursuant to Civil Rule 56(C) in support of its defenses.
On October 20, 1997, Willowood and Soroka moved the trial court to impose attorney fees and sanctions against Ms. Rader pursuant to Civ.R. 11 and R.C. 2323.51. After conducting a hearing, the trial court denied the motion.
Willowood and Soroka timely appeal and raise two assignments of error.
 ASSIGNMENT OF ERROR I
The trial court erred in failing to award sanctions and reasonable attorney fees against [Ms. Rader] and/or her counsel pursuant to R.C. 2323.51.
 ASSIGNMENT OF ERROR II
The trial court erred in failing to award sanctions pursuant to Civ.R. 11.
Because Willowood and Soroka's two assignments of error relate to the trial court's denial of their motion for attorney fees, we will address them together. Willowood and Soroka contend that the trial court erred in denying their motion because Ms. Rader failed to present evidence to support her claim or to defeat their affirmative defenses. Furthermore, they aver that the trial court erred by failing to specifically rule upon the Civ.R. 11 request. We disagree.
With respect to the argument that the trial court did not address Civ.R. 11, Willowood and Soroka's claim lacks merit. The trial court's judgment entry indicates that the trial court considered the Civ.R. 11 and R.C. 2323.51 motion. Willowood and Soroka's motion listed both authorities, and the judgment entry of the trial court denied the motion.
An appellant has the responsibility of providing the reviewing court with a record of the facts, testimony, and evidentiary matters that are necessary to support the appellant's assignments of error. See Volodkevich v. Volodkevich (1989),48 Ohio App.3d 313, 314; Artful Builders, Inc. v. Bohinc (Jan. 5, 1994), Summit App. No. 16215, unreported, at 4-5. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. Thus, in the absence of a complete record or a substitute statement of the evidence as permitted by App.R. 9(C) and (D), an appellate court must presume regularity in the trial court's proceedings and accept the validity of its judgment.Wozniak v. Wozniak (1993), 90 Ohio App.3d 400, 409.
Willowood and Soroka note in their brief that a hearing occurred, but they were unable to secure a copy of the proceedings. Accordingly, we must presume the validity of the trial court's determination regarding their motion for attorney fees. Willowood and Soroka's two assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Medina, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellants.
 Exceptions. ________________________________ LYNN C. SLABY, FOR THE COURT
BAIRD, P. J.
QUILLIN, J., CONCUR
(Quillin, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)