Appellant, Tina Holderness, appeals the order of the Summit County Court of Common Pleas, Domestic Relations Division, that entered a judgment of divorce and divided marital property. We affirm.
Tina Holderness and appellee, Gregory Holderness, were married on September 27, 1986. No children were born during the marriage. On February 4, 1998, Gregory filed a complaint for divorce, alleging that the parties had lived separately for a period of more than one year and that they were incompatible. Tina later filed a counterclaim. On March 18, 1999, following a trial, the trial court granted each party a divorce on the grounds of incompatibility. At that time, the trial court noted that the parties waived all claims to spousal support and proceeded to divide the marital property. Tina timely appealed, raising one assignment of error.
ASSIGNMENT OF ERROR
 [The trial court] rendered [a] decision that was unfair and partial in [this case]. [It] did not take testimony and did not hear all the facts or evidence.
In her assignment of error, Tina appears to have argued that the trial court incorrectly divided the marital property. A trial court maintains broad discretion in the distribution of marital property in the course of divorce proceedings. Berish v. Berish
(1982), 69 Ohio St.2d 318, 319. Accordingly, this court will not reverse the trial court's determination of an appropriate property division in the absence of evidence demonstrating that the court acted in an arbitrary, unreasonable, or unconscionable manner.Middendorf v. Middendorf (1998), 82 Ohio St.3d 397, 401.
As the appellant, Tina had the responsibility of providing this court with a record of the facts, testimony, and evidence in support of her assignments of error. Volodkevich v. Volodkevich
(1989), 48 Ohio App.3d 313, 314. Although the record indicates that the parties' divorce was granted following a trial, Tina has neither provided a transcript of the proceedings in the trial court nor an appropriate substitute pursuant to App.R. 9. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Didonato v. Didonato (Feb. 11, 1998), Medina App. No. 2645-M, unreported, at 3, quoting Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. See, also,Wozniak v. Wozniak (1993), 90 Ohio App.3d 400, 409. Tina's assignment of error is overruled.
Tina's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
 The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
LYNN C. SLABY, FOR THE COURT BAIRD, P.J.
BATCHELDER, J.
CONCUR