DECISION AND JOURNAL ENTRY
Appellant Marsha Murphy has appealed from a judgment of the Summit County Common Pleas Court, Juvenile Division, that granted permanent custody of her children to the Summit County Children Services Board (CSB). This Court affirms the judgment of the juvenile court.
 I.
Marsha and Floyd Murphy are the parents of Pauline and Floyd Jr. On August 19, 1998, Pauline and Floyd were taken into custody pursuant to Juv.R. 6. Apparently, the Murphys were staying with a family friend in Akron, Ohio when the home was condemned. On August 21, 1998, the juvenile court held a shelter care hearing and granted CSB emergency temporary custody of the children. The juvenile court also appointed counsel for both parents.
On October 21, 1998, the children were adjudicated neglected. On September 30, 1998, CSB filed a case plan for Mrs. Murphy. Pursuant to that case plan, she was to complete a parenting skills course, obtain a mental health assessment, provide a stable home with adequate furnishings, maintain contact with the CSB worker, and ensure that all of her children's basic needs were met. On November 16, 1998, the children were placed in the temporary custody of CSB.
The first review hearing was held on January 6, 1999. On that date, it was reported to the juvenile court that the Murphys had moved back to Pennsylvania the week before Christmas. They did not inform CSB or their children that they were leaving the state and did not leave a forwarding address. A CSB caseworker tracked them down through relatives and learned that they were living with relatives in Pennsylvania.
On April 7, 1999 the case was again reviewed. Mr. and Mrs. Floyd continued to reside in Pennsylvania in a succession of homes with various friends and relatives. They maintained sporadic contact with CSB and visited their children two times. Mr. and Mrs. Murphy were ordered to provide names of relatives who would be willing to care for the children.
On July 14, 1999, CSB filed a motion for permanent custody. The juvenile court held a hearing on the motion on October 18, 1999. On November 13, 1999, the juvenile court granted CSB's motion for permanent custody and terminated Mr. and Mrs. Murphys' parental rights. Mrs. Murphy has appealed asserting two assignments of error.
 II.
First Assignment of Error
 The trial court erred in granting [CSB's] motion for permanent custody in finding (sic) that the movant, by clear and convincing evidence met the standards and criteria for permanent custody pursuant to Ohio Revised Code Section 2151.414.
Second Assignment of Error
 The trial court committed plain error by accepting the guardian ad litem's report into evidence and by permitting the guardian ad litem to present an oral report and custody recommendation to the court without giving [Mrs. Murphy] an opportunity to cross examine the guardian.
Mrs. Murphy has asserted that the trial court's judgment was not supported by clear and convincing evidence. Additionally, she has asserted the trial court committed plain error by failing to allow her to cross-examine the guardian ad litem. This Court affirms the judgment of the juvenile court.
As an initial matter, this Court notes that a hearing was conducted on CSB's motion for permanent custody. Mrs. Murphy has submitted to this Court a transcript of those proceedings, which was produced by an unofficial court reporter. Loc.R. 5(A)(2)(a) provides:
 In appeals of proceedings not attended by an official court reporter, regardless of the means by which the proceedings are recorded, the appellant shall proceed under App.R. 9(C) or 9(D). A statement pursuant to App.R. 9(C) or 9(D) must be in written form and approved by the trial court.
(Emphasis added.) Mrs. Murphy did not provide this Court with a statement of the juvenile court as is required by either App.R. 9(C) or (D). As a result, this Court cannot consider the transcript filed by Mrs. Murphy. This Court's review, therefore, is limited to the exhibits contained in the record and the juvenile court's judgment entry. Akron v.Brustoski (Apr. 12, 2000), Summit App. No. 19724, unreported, at 4.
As the appellant, Mrs. Murphy had the responsibility of providing this Court with a record of the facts, testimony, and evidentiary matters necessary to support her assignments of error.Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313, 314.
 When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.
Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. Thus, in the absence of a complete record, this Court must presume regularity in the trial court's proceedings and accept its judgment. Wozniak v. Wozniak (1993), 90 Ohio App.3d 400,409. Because the transcript is necessary for the resolution of both of Mrs. Murphy's assignments of error, this Court must presume the regularity in the juvenile court's proceedings and affirm the judgment of the juvenile court.
 III.
Mrs. Murphy's assignments of error are overruled. The judgment of the juvenile court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant. Exceptions.
 _____________________________ BETH WHITMORE, FOR THE COURT.
SLABY, P.J. and QUILLIN, J.* CONCUR.
* Quillin, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6 (C), Article IV, Constitution.