DECISION AND JOURNAL ENTRY
Appellant Max Schubel has appealed from a judgment of the Lorain County Court of Common Pleas finding that the sum of $13,000 withdrawn from a joint bank account was intended as a gift to Appellee Jennifer Rinehart. This Court affirms.
 I.
On September 8, 1997, Appellant filed this action seeking to recover the sum of $13,000 from Appellee, alleging that the money was transferred to her as a loan in 1991 and that she had not repaid it. After a bench trial, the court entered its findings of fact and conclusions of law. The court's order reveals the following salient facts. Appellant was the owner of a certificate of deposit at Pawlings Savings Bank, in Allenville, New York. During 1988, the certificate was amended to include Appellee as a "joint holder." Each party had also listed the other as "joint account holder" on various other bank accounts. Appellant had even conveyed to Appellee an interest in real property which he owned. On March 4, 1991, $13,000 was withdrawn from the account at Pawlings Savings Bank and, with Appellant's consent, was transferred to Appellee. At that time, Appellant and Appellee were romantically involved and living together. No written agreement, note or other writing was executed and no oral agreement with regard to the money was made. Appellee, in turn, used that sum as part of a down payment for a house located in Oberlin, Ohio. After the purchase, Appellant resided in Appellee's house during the winter months and even conducted his business there. During 1992, however, the relationship began to deteriorate. In early 1993, written correspondence regarding the repayment of the $13,000 took place, wherein Appellant requested repayment of the funds. The money was not returned, and Appellant eventually initiated the instant action.
The trial court, after hearing testimony, determined that, at the time the funds were provided to Appellee, there was no intent that such would be a loan. Instead, the trial court held that they were a gift from Appellant to Appellee. The subsequent written correspondence, which offered repayment, were deemed to be without consideration. Appellant timely appealed, asserting one assignment of error.
 II. THE TRIAL COURT ERRED IN FINDING THAT THE MONIES TRANSFERRED TO [APPELLEE] WERE INTENDED TO BE A GIFT.
 As an initial matter, this Court notes that Appellant's case was tried to the bench. Appellant has submitted a transcript of the proceedings before the trial court, but it was not produced by an official court reporter. Loc.R. 5(A)(2)(a) of the Ninth District Court of Appeals provides:
 In appeals of proceedings not attended by an official court reporter, regardless of the means by which the proceedings are recorded, the appellant shall proceed under App.R. 9(C) or 9(D). A statement pursuant to App.R. 9(C) or 9(D) must be in written form and approved by the trial court.
(Emphasis added.) See, also, App.R. 9(B). Appellant did not provide this court with a statement of the trial court as is required by App.R. 9. Consequently, this Court cannot consider the transcript, and its review is limited to the exhibits contained in the record and the judgment entry of the trial court. Akron v. Brustoski (Apr. 12, 2000), Summit App. No. 19724, unreported, at 4.
In his brief, Appellant has assailed the trial court's judgment relying almost entirely on the testimony of the two parties, claiming there was insufficient evidence to support the trial court's findings. However, Appellant has the responsibility of providing the reviewing court with a record of the facts, testimony and evidentiary matters, which are necessary to support his assignments of error. Volodkevich v. Volodkevich (1989),48 Ohio App.3d 313, 314.
 When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.
Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. Thus, in the absence of a complete record, this Court must presume regularity in the trial court's proceedings and accept its judgment. Wozniak v. Wozniak (1993), 90 Ohio App.3d 400,409. Because the transcript is necessary to the resolution of Appellant's assignment of error, this Court must presume regularity in the trial court's proceedings. As such, Appellant's assignment of error is overruled.
 III.
Appellant's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ BETH WHITMORE
BAIRD, P.J., BATCHELDER, J., CONCUR.