DECISION AND JOURNAL ENTRY
Appellant-defendant Tyrone Carroll appeals a judgment of the Lorain County Court of Common Pleas that convicted him of theft. This Court affirms.
On June 25, 1997, Carroll was tried on one count of theft, a felony of the fifth degree, in violation of R.C. 2913.02(A)(1). During the recross examination of state's witness Chad Kurowski, the state made objections to questions by Carroll's attorney. Thereafter, the state moved for a mistrial, which the trial court granted. A subsequent retrial was commenced on September 22, 1997. Carroll was found guilty as charged.
Carroll now appeals, asserting one assignment of error.
 THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE AND IN VIOLATION OF APPELLANT'S FIFTH AND FOURTEENTH AMENDMENT RIGHTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I
SECTION 10 OF THE OHIO CONSTITUTION WHEN THE TRIAL COURT DENIED APPELLANT'S MOTION TO DISMISS AND CAUSED APPELLANT TO BE PLACED TWICE IN JEOPARDY FOR THE SAME OFFENSE.
In his sole assignment of error Carroll argues that the trial court erred in granting a mistrial in his first trial after his attorney inquired whether Kurowski had passed a polygraph examination. This Court affirms the judgment of the trial court.
At the outset, this Court notes that the transcript relating to Carroll's first trial held on June 25, 1997, was produced by an unofficial court reporter.[1] Loc.R. 5(A)(2)(a) provides:
 In appeals of proceedings not attended by an official court reporter, regardless of the means by which the proceedings are recorded, the appellant shall proceed under App.R. 9(C) or 9(D). A statement pursuant to App.R. 9(C) or 9(D) must be in written form and approved by the trial court.
 In the instant case, Carroll failed to provide this Court with a statement of the trial court as required by either App.R. 9(C) or 9(D). Therefore, this Court cannot consider the transcript relating to the June 25, 1997 trial.
As the appellant, Carroll had the duty of providing this Court with the complete record necessary to support his assignments of error. See Volodkevich v. Volodkevich (1989),48 Ohio App.3d 313, 314, leave to appeal denied (1989), 47 Ohio St.3d 705. "`When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.'" Noah v. Noah (May 10, 2000), Wayne App. No. 99CA0032, unreported, quoting Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199.
Accordingly, in the absence of a complete record, this Court must presume regularity in the trial court's proceedings and accept its judgment. Wozniak v. Wozniak (1993), 90 Ohio App.3d 400,409, appeal dismissed (1994), 68 Ohio St.3d 1440, 1441. Since the transcript of the June 25, 1997 trial is necessary to the resolution of Carroll's assignment of error, this Court must presume the regularity of the trial court's proceedings and affirm the judgment of the court below.
Carroll's assignment of error is denied.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 __________________________ DONNA J. CARR
FOR THE COURT WHITMORE, J., BATCHELDER, J., CONCUR
[1] While in the certificate Ms. Janis E. Suntheimer certified the verity of the transcript she prepared, there is no certification that she is an official court reporter.