DECISION AND JOURNAL ENTRY
Appellant-defendant Gregory Crawford appeals a judgment of the Wayne County Court of Common Pleas that convicted him of aggravated murder with capital offense specifications, aggravated robbery, burglary, and grand theft of a motor vehicle. This Court affirms.
On May 3, 1999, Crawford was tried on one count of aggravated murder with capital offense specifications, in violation of R.C.2903.01(B); aggravated robbery, in violation of R.C.2911.01(A)(3); aggravated burglary, in violation of R.C.2911.11(A)(2); and grand theft of a motor vehicle, in violation of R.C. 2913.02.
On May 12, 1999, the jury returned a verdict of guilty on each count of the indictment. On May 18, 1999, the sentencing hearing was convened. The jury determined that the aggravating circumstances outweighed the mitigating factors beyond a reasonable doubt and recommended a sentence of death. On May 24, 1999, the trial court sentenced Crawford to a term of life imprisonment without the possibility of parole.
Crawford now appeals, asserting six assignments of error.
 FIRST ASSIGNMENT OF ERROR APPELLANT'S CONVICTION OF AGGRAVATED MURDER IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS OF THE FEDERAL CONSTITUTION, AND SECTION 16, ARTICLE I
OF THE OHIO CONSTITUTION.
 SECOND ASSIGNMENT OF ERROR TRIAL COURT ERRED IN FAILING TO INSTRUCT JURY THAT SPECIFICATIONS EMBODIED IN R.C. 2929.04 MUST BE PROVEN BEYOND A REASONABLE DOUBT, DENYING APPELLANT A FAIR TRIAL AS GUARANTEED UNDER THE FOURTEENTH AMENDMENT TO THE FEDERAL CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.
 THIRD ASSIGNMENT OF ERROR APPELLANT'S CONVICTION OF AGGRAVATED ROBBERY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE FEDERAL CONSTITUTION AND SECTION 16, ARTICLE I
OF THE OHIO CONSTITUTION.
 FOURTH ASSIGNMENT OF ERROR APPELLANT'S CONVICTION OF BURGLARY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE FEDERAL CONSTITUTION, AND SECTIONS 16, ARTICLE I OF THE OHIO CONSTITUTION.
 FIFTH ASSIGNMENT OF ERROR APPELLANT'S CONVICTIONS AS TO AGGRAVATED MURDER, AGGRAVATED ROBBERY, AND BURGLARY WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE, IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE FEDERAL CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION.
 SIXTH ASSIGNMENT OF ERROR COURT ERRED IN NOT GRANTING DEFENSE REQUEST OF MISTRIAL WHERE STATE FAILED TO DISCLOSE BRADY MATERIAL DENYING APPELLANT DUE PROCESS OF LAW GUARANTEED UNDER FIFTH AND FOURTEENTH AMENDMENTS TO THE FEDERAL CONSTITUTION AND SECTION 16, ARTICLE I, OF THE OHIO CONSTITUTION.
 In his first, third, fourth and fifth assignments of error Crawford argues his convictions are not supported by the manifest weight of the evidence and/or the sufficiency of the evidence. In his second assignment of error Crawford argues that the trial court gave an improper instruction regarding a capital offense specification. Lastly, in his sixth assignment of error Crawford claims that material exculpatory evidence was not provided to the defense by the state. This Court affirms the judgment of the trial court.
At the outset, this Court notes that the transcript presently within the record was produced by an unofficial court reporter.[1] Courts of common pleas have a statutory duty to appoint official court reporters:
 The court of common pleas shall appoint a stenographic reporter as official shorthand reporter of such court, who shall hold the appointment for a term not exceeding three years from the date thereof, unless removed by the court, after a good cause shown, for neglect of duty, misconduct in office, or incompetency. Such official shorthand reporter shall take an oath faithfully and impartially to discharge the duties of such position.
 R.C. 2301.18. The record is barren of any indication that the person who prepared the transcript was actually appointed as an official court reporter. Without more in the record, this Court cannot conclude that the trial court satisfied its statutory duty under R.C. 2301.18.
Loc.R. 5(A)(2)(a) provides:
 In appeals of proceedings not attended by an official court reporter, regardless of the means by which the proceedings are recorded, the appellant shall proceed under App.R. 9(C) or 9(D). A statement pursuant to App.R. 9(C) or 9(D) must be in written form and approved by the trial court.
 In the instant case, Crawford failed to provide this Court with a statement of the trial court as required by either App.R. 9(C) or (D).[2] Therefore, this Court cannot consider the transcript presently in the record as it is lacking an official court reporter certification.
As the appellant, Crawford had the duty of providing this Court with the complete record necessary to support his assignments of error. See Volodkevich v. Volodkevich (1989),48 Ohio App.3d 313, 314. "(When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.'" Noah v.Noah (May 10, 2000), Wayne App. No. 99CA0032, unreported, quotingKnapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
Accordingly, in the absence of a complete record, this Court must presume regularity in the trial court's proceedings and accept its judgment. Wozniak v. Wozniak (1993), 90 Ohio App.3d 400,409. Since the transcript of the trial is necessary to the resolution of Crawford's assignments of error, this Court must presume the regularity of the trial court's proceedings and affirm the judgment of the court below.
Crawford's assignments of error are overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ DONNA J. CARR
BAIRD, P.J., SLABY, J., CONCUR.
[1] While the person who prepared the transcript certifies the verity of the transcription, there is no certification that she is an official court reporter.
[2] App.R. 9(B) requires certification by the official court reporter as well. Not only is there no indication that the transcript herein was prepared by the official court reporter, but the certification also specifically identifies the court reporter as being from a private court reporting service.