DECISION AND JUDGMENT ENTRY
This appeal comes to us from a judgment issued by the Erie County Court of Common Pleas, following the return of a jury's verdict in a negligence action which involved a motor vehicle accident. Because we conclude that the court proceedings were proper, we affirm.
In 1994, appellant, Donna Gochenour, was a passenger in a truck operated by Craig Gochenour, her now ex-husband. The truck collided with a automobile driven by appellee, Brian Sowards. In 1998, appellant sued appellee for injuries allegedly sustained as a result of the accident. After hearing all the evidence presented at trial, the jury found in favor of appellee. The trial court denied appellant's motions for judgment notwithstanding the verdict and for a new trial. The court then entered judgment in favor of appellee.
Appellant now appeals, setting forth the following two assignments of error:
 "I. THE TRIAL COURT ERRED WHEN IT GRANTED JUDGMENT CONTRARY TO LAW WHICH WAS NOT SUSTAINED BY THE WEIGHT OF THE EVIDENCE.
 "II. THE TRIAL COURT ERRED WHEN IT FAILED TO INSTRUCT THE JURY REGARDING THE PERMANENCY OF DAMAGES ISSUE."
We will address appellant's two assignments of error together.
App.R. 9(A) provides that "[w]hen the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs." When faced with an inadequate or incomplete record, an appellate court must presume the regularity of the trial court's actions and accept its judgment. See Wozniak v. Wozniak
(1993), 90 Ohio App.3d 400, 409 (where portions of record omitted, which are necessary for effective review, appellate court must affirm). Seealso Knapp v. Edwards Laboratories (1980), (1980), 61 Ohio St.2d 197.
In this case, the record is incomplete, containing only the written transcript of the testimony of appellant and appellee. The remaining testimony and evidence presented at trial, including any expert medical testimony, has not been included as required by App.R. 9. Since both of appellant's assignments of error deal with issues related to medical testimony and the totality of the evidence presented, we cannot review those issues without a complete record of the proceedings. Therefore, we must presume the regularity of the trial court's actions in denying appellant's motion for judgment notwithstanding the verdict and in its rulings regarding the jury instructions.
Accordingly, appellant's two assignments of error are not well-taken.
The judgment of the Erie County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
Gochenour v. Sowards
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
JAMES R. SHERCK, J.
PETER M. HANDWORK, J., and Richard W. Knepper, J., CONCUR.