DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a judgment issued by the Wood County Court of Common Pleas, Domestic Relations Division, in which the trial court determined appellee's income for purposes of calculating child support. Because we conclude that an incomplete record prevents us from conducting a meaningful review of the trial court proceedings, we affirm.
 {¶ 2} Appellant, Karen Garner, and appellee, Murrel Garner, Jr., were granted a divorce in November 2005. One child, a minor at the time of the divorce, was born as issue of the marriage. During the final divorce hearing, evidence was submitted regarding the parties' income and property. Included in that evidence were various forms of evidence relating to appellee's income from 2004 and 2005: income tax forms, W-2 wage statements, and pay stubs. Over appellant's objections, the court ultimately determined appellee's yearly income to be $32,000 for the purposes of calculating child support for the parties' one minor child.
 {¶ 3} Appellant now appeals, arguing the following two assignments of error:
 {¶ 4} "Assignment of Error No. I.
 {¶ 5} "In a divorce action, when the parties do not demonstrate their clear familiarity with all the key dollar figures by which the court is to establish child support and spousal support, the court and magistrate should clearly inform each party of the steps the court of magistrate will take, and when, in determining the annual gross income of each and both parties, and clearly, on decisive points, the court should clearly inform the parties of the data needed, and when, each function, failed to so inform in open court the key steps and findings, and the court also failed to state the sources and mounts [sic] of each parties' [sic] income, so that each party is not left in the dark as to how the court and magistrate do not clearly spell out the evidence considered and going into each step, such failure calls for a new trial, with strict adherence to each step so all concerned can readily be given an understanding of the decisive steps.
 {¶ 6} "Assignment of Error No. II.
 {¶ 7} "The trial court in an action in which the amount of child support is determined, should select, as the year period, on which the child support is to be determined, should select the one year period [sic] called for by what the court considers is for the best interests of the child or children. The initial period, at [the] start of this process, shall be the prior annual period in which the parent's earnings are higher."
 {¶ 8} We will address both assignments together. Appellant is essentially arguing that the court's calculations of appellee's income for child support purposes was incorrect. Appellant also argues that the court was not clear in stating the basis for its calculations and factual determination as to the income amount.
 {¶ 9} When the record is incomplete, this court must presume the regularity of the trial court's proceedings and affirm its decision. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. See, also, Wozniak v. Wozniak (1993),90 Ohio App.3d 400, 409 (when portions of the record are omitted, which are necessary for effective review, the appellate court is required to affirm). As appellant's counsel acknowledges, a full transcript of the hearing before the magistrate was not provided to this court. We cannot effectively review the findings, i.e., appellee's income, without the complete testimony which may have fully explained the court's calculations.
 {¶ 10} Moreover, although appellant contends that it is unclear how the court arrived at the $32,000 calculation, the incomplete record we have before us, in fact, supports such a finding. Pay stubs submitted at trial show that appellee had earned approximately $15,901 by June 11, 2005, which is approximately one-half year's income. In calculating appellee's income, it may be presumed that the court simply doubled that amount and rounded it up to the nearest $1,000 figure. Appellant contends that appellee actually earns closer to $37,000 per year, but nothing in the record supports that figure. In addition, should appellant have proof that appellee is actually making a higher income, the issue of child support may be revisited at any time by the trial court.
 {¶ 11} Therefore, we conclude that, because an incomplete record prevents us from effective review of the trial court's decision, we must presume the regularity of the trial court's factual determination of appellee's income. Accordingly, appellant's two assignments of error are not well-taken.
 {¶ 12} The judgment of the Wood County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J., Singer, P.J., Glasser, J. Concur.