DECISION AND JOURNAL ENTRY
Appellant Donald Noah has appealed from a judgment of the Wayne County Common Pleas Court that found him in contempt of court. This Court affirms the judgment of the trial court.
 I.
On January 25, 1995, Mr. Noah and Appellee Cheryl Noah were granted a divorce. The final divorce decree contained an agreement of the parties pertaining to the division of the marital assets. According to that divorce decree, Mr. Noah was to transfer ownership of an insurance policy to Ms. Noah.
On January 28, 1999, Ms. Noah filed a motion for contempt and other relief with the trial court. In her motion, she alleged that Mr. Noah was in contempt of court for failure to timely transfer ownership of the insurance policy. Additionally, she requested compensation for his failure to comply including reasonable attorney's fees and court costs. In response, Mr. Noah filed a motion alleging that Ms. Noah's motion was frivolous and requesting reimbursement from Mrs. Noah for his expenses incurred as a result of responding to her motion.
On April 8, 1999, the trial court held a hearing on both motions. The trial court found Mr. Noah in contempt of court and ordered him to pay Ms. Noah damages in the amount of $5,894, reasonable attorney's fees in the amount of $660 and court costs. Mr. Noah timely appealed asserting two assignments of error.
 II.
Assignment of Error Number One
 The award of damages in the amount of $5,894.00 was against the manifest weight of the evidence and contrary to law.
Assignment of Error Number Two
 The trial court committed prejudicial error in finding [Mr. Noah] in contempt of court and ordering him to pay [Ms. Noah] the sum of $5,894.00 in damages; $660.00 in attorney fees; and court costs in order to purge himself of contempt.
 In both of his assignments of error, Mr. Noah has essentially asserted that the trial court's findings are not supported by the evidence presented at the hearing. This Court affirms the judgment of the trial court.
As an initial matter, this Court notes that a hearing was conducted on Mrs. Noah's motion for contempt and other relief and Mr. Noah's motion for relief. Mr. Noah has submitted to this Court a transcript of those proceedings, which was produced by an unofficial court reporter. Loc.R. 5(A)(2)(a) provides:
 In appeals of proceedings not attended by an official court reporter, regardless of the means by which the proceedings are recorded, the appellant shall proceed under App.R. 9(C) or 9(D). A statement pursuant to App.R. 9(C) or 9(D) must be in written form and approved by the trial court.
(Emphasis added.) Mr. Noah did not provide this Court with a statement of the trial court as is required by either App.R. 9(C) or (D). As a result, this Court cannot consider the transcript filed by Mr. Noah. This Court's review, therefore, is limited to the exhibits contained in the record and the trial court's judgment entry. Akron v. Brustoski
(Apr. 12, 2000), Summit App. No. 19724, unreported, at 4.
As the appellant, Mr. Noah had the responsibility of providing this Court with a record of the facts, testimony, and evidentiary matters necessary to support his assignments of error.Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313, 314.
 When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.
Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. Thus, in the absence of a complete record, this Court must presume regularity in the trial court's proceedings and accept its judgment. Wozniak v. Wozniak (1993), 90 Ohio App.3d 400,409. Because the transcript is necessary for the resolution of both of Mr. Noah's assignments of error, this Court must presume the regularity in the trial court's proceedings and affirm the judgment of the trial court.
 III.
Mr. Noah's assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ____________________ BETH WHITMORE
SLABY, P.J., BATCHELDER, J., CONCUR.