DECISION AND JOURNAL ENTRY
Appellant Tammi Engel has appealed from a judgment of the Medina County Common Pleas Court that denied her request for retroactive child support. This Court affirms.
 I.
On May 27, 1997, the State filed a parentage action on behalf of Engel and her son, Joshua Coppinger, born June 20, 1983, against Appellee Jesse Church. On July 26, 1997, Church filed his answer that contained a general denial and contained no affirmative defenses. After genetic testing, the parties agreed and signed an acknowledgement that Church was the father of Joshua. Based on that acknowledgement, Church was ordered to pay child support. The issues of child support retroactive to the date of Joshua's birth and healthcare were held in abeyance.
On September 21, 1998, a hearing was held before a magistrate. The magistrate determined that Engel was not entitled to recover child support from the date of Joshua's birth to the filing date of the complaint based on the affirmative defense of laches. Engel filed objections to that decision. After a hearing on the objections, the trial court determined that Engel was not entitled to child support from the date of her marriage until the date of the filing of the complaint based on the affirmative defenses of estoppel and waiver. However, the trial court determined that she was entitled to child support from the date of Joshua's birth to the date of her marriage. Engel timely appealed, asserting three assignments of error. Church cross-appealed, asserting one assignment of error.
 II.
Engel's First Assignment of Error
 The trial court erred and abused its discretion in failing to rule that the child, Joshua Coppinger, was a party to this action.
Engel's Second Assignment of Error
 The trial court erred in applying the affirmative defenses of laches, estoppel and waiver even though not pled by [Church] in his answer.
Engel's Third Assignment of Error
 The trial court erred in deciding that estoppel and waiver barred the recovery of back support.
Church's Assignment of Error
 The trial court erred by failing to adopt the magistrate's decision that Tammi Engel's claim for retroactive child support was completely barred by the doctrine of laches.
 As an initial matter, this Court notes that a hearing was conducted on Engel's objections to the magistrate's decision. Engel has submitted to this Court an audiotape recording of that hearing. App.R. 9(A) mandates that proceedings recorded by means other than videotape must be transcribed into written form. See also Loc.R. 5(A)(2)(b). Further, App.R. 9(B) provides, "[i]f there is no officially appointed reporter, App.R. 9(C) or 9(D) may be utilized." Loc.R. 5(A)(2)(a) operates in conjunction with App.R. 9(B) to make the filing of an App.R. 9(C) or 9(D) statement mandatory. Engel did not provide this Court with a written transcript of the audiotaped proceedings or a statement of the trial court as is required by either App.R. 9(C) or 9(D). As a result, this Court does not have an official transcript of the trial court's hearing. This Court's review, therefore, is limited to the exhibits contained in the record and the trial court's judgment entry. Akron v. Brustoski
(Apr. 12, 2000), Summit App. No. 19724, unreported, at 4.
As the appellant, Engel had the responsibility of providing this Court with a record of the facts, testimony, and evidentiary matters necessary to support her assignments of error.Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313, 314.
 When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.
 Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. Thus, in the absence of a complete record, this Court must presume regularity in the trial court's proceedings and accept its judgment. Wozniak v. Wozniak (1993), 90 Ohio App.3d 400, 409.
All of the assignments of error presented for review revolve around the testimony and arguments of the parties presented to the trial court.[1] As a result, the transcript is necessary for the resolution of Engel's assignments of error and Church's cross-assignment of error. Accordingly, this Court must presume the regularity in the trial court's proceedings and affirm the judgment of the trial court.
 III.
Engel's assignments of error are overruled. Additionally, Church's cross-assignment of error is overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants/Cross-Appellees.
Exceptions.
 __________________________ BETH WHITMORE
SLABY, P. J., CARR, J., CONCUR APPEARANCES:.
[1] Although at first blush Engle's second assignment of error appears to be based solely on the pleadings, a closer analysis reveals the necessity of the transcript for review. As Engle has alleged, Church did not list his affirmative defenses in his answer; however, the inquiry does not end there. Pursuant to Civ.R. 15(B), when issues not raised in the pleading are tried by express or implied consent of the parties, those issues are treated as if they had been raised in the pleadings. As such, the transcript is necessary to determine whether the trial court properly considered the affirmative defenses of estoppel or waiver.