THE STATE OF OHIO, APPELLEE, *v.* MILO, APPELLANT.

(No. 86AP-264 — Decided May 6, 1986.)

*Lynn C. Slaby,* prosecuting attorney, *Frederic L. Zuch* and *Marc R. Wolff,* for appellee.

*George Pappas Co., L.P.A.,* and *George Pappas,* for appellant.

WHITESIDE, J. This cause is before the court upon a notice of appeal from an order of the Summit County Court of Common Pleas and a motion of defendant-appellant, Frederick P. Milo, for determination of the appropriate forum for the appeal.

Defendant was apparently indicted by the Summit County Grand Jury, and the case was filed in the Summit County Court of Common Pleas under case No. CR 80-10-1392(D). A change of venue was granted, with the trial being conducted in Franklin County under case No. 81CR-03-847, Franklin County Court of Common Pleas, resulting in a conviction. An appeal to this court resulted in an affirmance, *State* v. *Milo* (1982), 6 Ohio App. 3d 19.

Apparently, sometime later, defendant filed a motion for new trial upon the ground of newly discovered evidence in the Summit County Court of Common Pleas under case No. CR 80-10-1392(D) in that court.

On March 5, 1986, the Summit County Court of Common Pleas entered an order in case No. CR 80-10-1392(D) in that court overruling defendant's motion for new trial. It is from that order of the Summit County Court of Common Pleas that defendant now attempts to appeal to this court. Defendant indicates that he also filed a notice of appeal from that order to the Ninth District Court of Appeals, which has dismissed the appeal upon the ground that this court "is the appropriate forum for this appeal," citing Crim. R. 18(B).

The initial question before us, however, is not what forum is appropriate under the circumstances but, rather, whether this court has jurisdiction to entertain an appeal from an order of the Summit County Court of Common Pleas, even assuming that the Franklin County Court of Common Pleas, rather than that of Summit County, is the appropriate forum under Crim. R. 18(B) to entertain and determine defendant's motion for new trial.

We conclude that this court has no jurisdiction to entertain an appeal from an order of the Summit County Court of Common Pleas, even if the motion and order were erroneously filed in that court. See R.C. 2501.02(A).

Accordingly, we must *sua sponte* dismiss this appeal for want of jurisdiction.

*Appeal dismissed.*

STRAUSBAUGH and NORRIS, JJ., concur.