[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 229.]

COLALUCA *v*. CLIMACO, CLIMACO, SEMINATORE, LEFKOWITZ & GAROFOLI
CO., L.P.A. ET AL.

[Cite as *Colaluca v. Climaco, Climaco, Seminatore, Lefkowitz & Garofoli Co.,
L.P.A.*, 1995-Ohio-70.]

*Attorneys at law—Legal professional association, formed pursuant to R.C. Chapter
1785, is not obligated to redeem the stock of a shareholder/employee who
separates or is separated from his or her employment with the professional
association—Intent of Gov.Bar R. III(3)(D).*

———————————

1. Absent a provision in the articles of incorporation or in some extrinsic document
   (like a buy-sell agreement) requiring that a share or shares be redeemed, a
   legal professional association, formed pursuant to R.C. Chapter 1785, is not
   obligated to redeem the stock of a shareholder/employee who separates or
   is separated from his or her employment with the professional association.

2. The intent of Gov.Bar R. III (3)(D) is to prohibit an attorney from practicing
   with more than one law firm, including a legal professional association, in
   Ohio at the same time.

———————————

(No. 94-1528—Submitted February 21, 1995—Decided May 24, 1995.)

ON ORDER from the United States District Court, Northern District of Ohio,
Eastern Division, Certifying a Question of State Law, No. 1:91-CV-2506.

———————————

{¶ 1} Attorney Thomas L. Colaluca, petitioner, was employed by Climaco,
Climaco, Seminatore, Lefkowitz & Garofoli Co., L.P.A. ("CCSL&G"), respondent,
an Ohio legal professional association. When Colaluca joined the firm he was
issued a single share of stock in CCSL&G. No express terms of redemption

burdened the stock, and there is no evidence of any extrinsic agreement relating to the redemption of Colaluca's share.

{¶ 2} In April 1991, Colaluca voluntarily resigned his employment with CCSL&G. At the time of his separation from the firm, there was no discussion between Colaluca and any shareholder of CCSL&G pertaining to stock redemption.

{¶ 3} Colaluca continues to hold the share of stock in CCSL&G. According to CCSL&G, Colaluca currently works for another law firm in the Cleveland area.

{¶ 4} Colaluca commenced this action in the United States District Court for the Northern District of Ohio, Eastern Division, claiming, among other things, that CCSL&G is obligated to redeem the share of stock held by him. In accordance with Rule XVIII of the Supreme Court Rules of Practice, the district court has certified to us, and we have agreed to answer, a specific question of state law arising in the context of that litigation.

———————————

*McIntyre, Kahn & Kruse Co., L.P.A., Robert W. McIntyre* and *Mark F. Kruse,* for petitioner.

*Reminger & Reminger Co., L.P.A., Mario C. Ciano* and *Nicholas D. Satullo*, for respondent.

———————————

**DOUGLAS, J.**

{¶ 5} The United States District Court for the Northern District of Ohio, Eastern Division, has certified the following question to this court for our determination:

"Is it obligatory for a legal professional corporation, formed pursuant to * * * [R.C. Chapter 1785], to redeem the stock of a shareholder/employee when that person voluntarily separates from the corporation?"

{¶ 6} With respect to this question, the district court has added the following specific postulates:

"a.  The stock in question was issued with no express terms of redemption.

"b.  There is no agreement subsequent to issue which has reference to any rights of redemption between the corporation and the shareholder.

"c.  The shareholder wishes to continue to practice law in this state."

{¶ 7} In light of these specific postulates, we answer the certified question in the negative.[1]

{¶ 8} CCSL&G is an Ohio legal professional association organized pursuant to R.C. Chapter 1785.  R.C. 1785.08 provides, in part:

"Chapter 1701. of the Revised Code applies to professional associations, including their organization and the manner of filing articles of incorporation, except that the requirements of division (A) of section 1701.06 of the Revised Code do not apply to professional associations.  If any provision of this chapter [Chapter 1785] conflicts with any provision of Chapter 1701. of the Revised Code, the provisions of this chapter [Chapter 1785] shall take precedence."

{¶ 9} R.C. Chapter 1785 is silent on the issue of redemption of shares of stock issued by a legal professional association. Thus, we look to the provisions of R.C. Chapter 1701 relating to the issue of redemption.  Specifically, R.C. 1701.23(A) provides, in part:

---

1.  The district court also certified a second question to this court.  However, we have previously determined, in a divided vote, not to answer the second certified question.  See (1994), 70 Ohio St.3d 1438, 638 N.E.2d 1042.  That question states:

"Does * * * [R.C. 1785.08], by reason of its reference to * * * [R.C. 1701.06], prohibit a legal professional corporation from having more than one class of stock creating classes of shareholders with different rights?"

With respect to question two, which we decline to address, the district court stated:
"As to question two, both this court and counsel have made note of the apparent inconsistency between the two statutes in question.  Section 1785.08 states that Chapter 1701 applies to professional associations except for the requirements of division (A) of 1701.06.  This section (1701.06(A)) does not contain any requirements and in fact is couched in language suggesting that either all of the provisions of * * * [R.C. 1701.06] apply or that none of those provisions apply.  It is postulated that perhaps the reference to * * * [R.C. 1701.06] may be in error and should refer instead to * * * [R.C. 1701.04]."

"By the *express terms* of shares of any class or series, such shares may be redeemable, in whole at one time or in part from time to time, at the option of the corporation, or at a specified time or event, in such manner and upon such conditions, price, and notice as are provided in said *express terms*." (Emphasis added.)

{¶ 10} R.C. 1701.01(I) provides that "[t]he 'express terms' of shares of a class are the statements expressed in the articles with respect to such shares." The term "articles" is defined in R.C. 1701.01(D) to include "original articles of incorporation, agreements of merger or consolidation if and only to the extent that articles of incorporation are adopted or amended in the agreements as provided in this chapter, certificates of reorganization, amended articles, and amendments to any of these * * *."

{¶ 11} R.C. 1701.23(A) does not conflict with any provision of R.C. Chapter 1785; therefore, the statute applies to legal professional associations pursuant to R.C. 1785.08.

{¶ 12} In the present case, the share of stock issued to Colaluca was issued with no express terms of redemption, nor was there any specific arrangement between the parties that would require CCSL&G to redeem Colaluca's share. Accordingly, we find no requirement in the law that would obligate CCSL&G to redeem the share. Therefore, we hold that absent a provision in the articles of incorporation or in some extrinsic document (like a buy-sell agreement) requiring that a share or shares be redeemed, a legal professional association, formed pursuant to R.C. Chapter 1785, is not obligated to redeem the stock of a shareholder/employee who separates or is separated from his or her employment with the professional association.

{¶ 13} Nevertheless, Colaluca contends that Gov.Bar R. III (3)(D) prohibits him from practicing law with any other law firm in this state as long as he retains the share of stock in CCSL&G. In this regard, Colaluca suggests that CCSL&G's

4

"practice of issuing one share of stock to its lawyer-employees, * * * and the subsequent refusal to redeem this single share when the attorney leaves the employ of * * * [CCSL&G], *is thus nothing more than a thinly disguised employment arrangement with a non-competition agreement*." (Emphasis sic.) Colaluca concludes that such a "non-competition agreement" is unethical and that CCSL&G is therefore required to redeem the share.

{¶ 14} We disagree. Colaluca assumes that Gov.Bar R. III(3)(D) prohibits him from practicing law in this state. It does not.

{¶ 15} Gov.Bar R. III(3)(D) provides that:

"No attorney shall be associated in any capacity with a legal professional association other than the one with which the attorney is actively and publicly associated."

{¶ 16} The Board of Commissioners on Grievances and Discipline ("board") has issued an advisory opinion indicating that Gov.Bar R. III(3)(D) addresses the propriety of an attorney's practicing with more than one legal professional association or law firm at the same time. See Board of Commissioners on Grievances and Discipline, Opinion No. 89-35 (Dec. 15, 1989). In the syllabus of that opinion, the board has advised that "[a]n attorney at law may not practice with more than one legal professional association or law firm in Ohio at the same time." *Id.* We believe that this is a proper statement of the principles embodied in Gov.Bar R. III(3)(D). Accordingly, we hold that the intent of Gov.Bar R. III(3)(D) is to prohibit an attorney from practicing with more than one law firm, including a legal professional association, in Ohio at the same time.

{¶ 17} Here, Colaluca no longer practices law with CCSL&G. Therefore, Colaluca is no longer associated with CCSL&G, even though he retains a single share of stock in the legal professional association. Under these circumstances, nothing in Gov.Bar R. III(3)(D) prohibits Colaluca from practicing law with a different Ohio law firm. Indeed, we assume that Colaluca is well aware of this fact.

CCSL&G suggests, the information before us confirms, and our own records indicate, that Colaluca is currently practicing law with another Cleveland-area law firm.

*Judgment accordingly.*

MOYER, C.J., RESNICK and COOK, JJ., concur.

WRIGHT, F.E. SWEENEY and PFEIFER, JJ., dissent.

————————————

**PFEIFER, J., dissenting.**

{¶ 18} I would hold that the respondent has an action for redemption. In *Crosby v. Beam* (1989), 47 Ohio St.3d 105, 548 N.E.2d 217, this court provided minority shareholders with the right to individually bring an action for breach of fiduciary duty. *Crosby* attempted to provide a remedy for the plight of "a minority shareholder in a close corporation who can become trapped in a disadvantageous situation from which he cannot be easily extricated." *Id.* At 108, 548 N.E.2d at 220.

{¶ 19} The petitioner in this case has his assets trapped in respondent's firm with no way to reclaim them when he moves on to another firm. Accordingly, I would hold that petitioner has a right to have his share redeemed by respondent.

WRIGHT AND F.E. SWEENEY, JJ., concur in the foregoing dissenting opinion.

————————————