OPINION
Plaintiff, Kay Johnson, appeals from a summary judgment for Defendants, Shulman Hall, L.P.A., on Johnson's claim for breach of contract.
Johnson is an attorney. In October of 1994, Johnson was employed by the Ohio Bureau of Workers Compensation. She was offered part-time employment by Shulman Hall L.P.A., in a new personal injury law practice to be called Johnson Associates. In fact, the practice would remain a part of Shulman Hall, with Johnson owning a small part of the equity and paid a salary plus a bonus. The other owners were to be Michael Conway and Dennis Hall, who were principals of Shulman Hall, L.P.A.
Johnson accepted the offer and a written contract was signed. It had a term of four months, subject to extension. It also provided that Johnson would terminate her part-time employment by the Ohio Bureau of Workers Compensation if requested to do so by Shulman Hall at any time during the term of their contract.
Johnson began working for Johnson Associates on March 1, 1995. She terminated her employment with the Bureau of Workers Compensation on April 1, 1995, at the request of Shulman Hall, L.P.A. Thereafter, she worked full time for Johnson Associates.
On June 19, 1995, Michael Hall and Dennis Conway notified Johnson that their agreement would have to be terminated. They pointed to the decision of the Supreme Court of Ohio in Colalucav. Climaco, Climaco, Seminatore, Lefkowitz Garofoli Co. L.P.A.
(1995), 72 Ohio St.3d 229, saying that it had construed Rule III of the Rules for Government of the Bar to prohibit the participation of Dennis Hall and Michael Conway in both Shulman 
Hall, L.P.A. and Johnson Associates simultaneously.
On June 30, 1995, Conway Hall, L.P.A., the successor of Shulman Hall, L.P.A. offered Johnson employment as an associate at the same compensation she had with Johnson Associates. However, her employment was to be at-will. Johnson accepted the offer, but noted in her letter of acceptance that she did so only to mitigate her damages. Thereafter, Johnson worked and was compensated as an at-will employee of Conway Hall, L.P.A.
Disagreement arose between Johnson and Conway Hall, L.P.A., concerning Johnson's conduct as an employee. On September 11, 1995, Conway Hall, L.P.A. terminated Johnson from her position. Johnson thereafter filed this action, alleging breach of contract and intentional infliction of emotional distress. The trial court subsequently granted summary judgments for the Defendants on those claims. Johnson filed a timely notice of appeal, and now presents three assignments of error.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT DID NOT CORRECTLY APPLY THE THREE PRONGED TEST FOUND IN HARLESS V. WILLIS DAY WAREHOUSING CO., 54 OHIO ST.2D 64 (1978) IN SUSTAINING APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
 SECOND ASSIGNMENT OF ERROR DEVELOPMENTS IN THE LAW SUBSEQUENT TO THE AGREEMENT TO CREATE JOHNSON ASSOCIATES DID NOT RENDER THE CONTRACT BETWEEN APPELLANT AND APPELLEES IMPOSSIBLE TO PERFORM.
 THIRD ASSIGNMENT OF ERROR THE SECOND EMPLOYMENT ARRANGEMENT ENTERED INTO BETWEEN THE PARTIES WAS ARRIVED AT UNDER DURESS SURELY FOR THE PURPOSE OF MITIGATING DAMAGES AND IS THEREFORE NOT A SUCCESSFUL NOVATION OF THE FIRST CONTRACT.
The errors that Johnson assigns all involve her breach of contract claim, which alleged a breach by Shulman Hall, L.P.A., and Conway Hall, L.P.A., as it successor, of the first agreement creating Johnson Associates. The trial court granted summary judgment for the Defendants on that claim, finding that the second agreement between Johnson and Conway Hall, L.P.A., operated to terminate the first, between Johnson and Shulman Hall, L.P.A., and the rights and duties of the parties thereunder on a theory of novation.
Summary judgment may not be granted unless the entire record demonstrates that there is no genuine issue of material fact and that the moving party is, on that record, entitled to judgment as a matter of law. Civ.R. 56. The burden of showing that no genuine issue of material fact exists is on the moving party.Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64.
All evidence submitted in connection with a motion for summary judgment must be construed most strongly in favor of the party against whom the motion is made. Morris v. First NationalBank Trust Co. (1970), 21 Ohio St.2d 25. In reviewing a trial court's grant of summary judgment, an appellate court must view the facts in a light most favorable to the party who opposed the motion. Osborne v. Lyles (1992), 63 Ohio St.3d 326. "Because a trial court's determination of summary judgment concerns a question of law, we apply the same standard as the trial court in our review of its disposition of the motion; in other words, our review is de novo." Am. States Ins. Co. v. Guillermin (1996),108 Ohio App.3d 547, 552.
A novation is "a mutual agreement among all parties concerned for the discharge of a valid existing obligation by the substitution of a new valid obligation on the part of the debtor or another. . . ." 18 Ohio Jurisprudence 3d (1980) 205, Contracts, Section 283. The central issue is whether
 the parties intend by their arrangement to extinguish the old debt or obligation and rely entirely on the new, or did they intend to keep the old alive and merely accept the new as further security. However, where the parties agree to the new contract itself, the question as to whether they intended it as a novation need not be expressed but may be inferred from the facts and circumstances attending the transaction and the conduct of the parties thereafter.
Id. at 212, Section 289 (citations omitted).
Consent to and acceptance of the terms of the new contract need not be express, but may be implied by the facts and circumstances attending the transaction and the conduct of the parties thereafter. Union Central Life Insurance Co. v. Hoyer
(1902), 66 Ohio St. 344. However, the evidence of such knowledge must be clear and definite, because a novation is never presumed.Bolling v. Clevepak Corp. (1984), 20 Ohio App.3d 113.
Johnson argues that the trial court erred in finding that a novation extinguished the contract on which her claim for breach was founded because she did not intend a novation when she entered the second agreement for at-will employment as an associate. Johnson claims that she entered the second agreement under "professional duress" because she lacked leverage to decline, inasmuch as she needed the continued employment she was offered to provide for her needs. As evidence of that fact, Johnson points to her reservation that she agreed only to mitigate her damages, which she had stated in writing.
Duress is an "[u]nlawful constraint exercised upon a man whereby he is forced to do some act that he otherwise would not have done." Black's Law Dictionary (4 Ed.Rev. 1968) 594. A finding of duress renders a resulting contract unenforceable. "To avoid a contract on the basis of duress, a party must prove coercion by the other party to the contract. It is not enough to show that one assented merely because of difficult circumstances that are not the fault of the other party." Blodgett v. Blodgett
(1990), 49 Ohio St.3d 243, 246.
Reasonable minds could find that the second agreement was one which Johnson did not desire to enter. However, that does not demonstrate the coercion required for legal duress. Johnson was free, albeit at a cost to her, to decline the offer and commence an action against Shulman Hall, L.P.A. for breach of the first contract. She didn't, but instead agreed to the second contract, and thereafter accepted compensation pursuant to its terms. Thus, her voluntary agreement may be inferred from the facts, notwithstanding her claim that it was a course of conduct she did not desire to follow.
On this record, reasonable minds could only find that each of the two agreements was a contract complete in its terms, and that the second operated to discharge the rights and duties of the parties under the first. Because Johnson's rights under the first contract were thus extinguished, and her second provided for at-will employment, the trial court was correct when it granted summary judgment on Johnson's breach of contract claim.
Johnson also argues that the first contract was not rendered unenforceable by impossibility of performance. However, the trial court did not grant summary judgment on that basis. Further, the second contract having terminated the first by novation, whether the first was or was not impossible to perform is an issue that is moot.
The assignments of error are overruled. The judgment of the trial court will be affirmed.
BROGAN, J. and YOUNG, J., concur.
Copies mailed to:
Susan D. Jansen, Esq.
Carolyn L. Mueller, Esq.
Hon. Adele M. Riley