JOURNAL ENTRY and OPINION
{¶ 1} This case is before the court on appeal from a decision of the common pleas court to grant judgment on the pleadings in favor of the defendant legal professional association and against plaintiff shareholders. Plaintiffs Glenn S. Krassen ("Krassen") and Richard M. Knoth ("Knoth") assert three assignments of error:
 {¶ 2} I. THE LOWER COURT ERRED IN DISMISSING PLAINTIFF-APPELLANTS' CLAIMS.
 {¶ 3} II. THE LOWER COURT ERRED WHEN IT DENIED PLAINTIFF-APPELLANTS' MOTION TO COMPEL.
 {¶ 4} III. THE COURT OF COMMON PLEAS FOR FRANKLIN COUNTY ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION TO TRANSFER VENUE TO CUYAHOGA COUNTY.
{¶ 5} For the following reasons, we affirm in part, reverse in part, and remand for further proceedings.
 PROCEDURAL HISTORY
{¶ 6} The complaint in this case was originally filed in the Franklin County Common Pleas Court on March 27, 1998. Plaintiff Krassen claimed he joined the defendant firm, Climaco, Climaco, Lefkowitz 
Garofoli Co., L.P.A. (the "Climaco Firm" or the "Firm") in November 1990, and became an equity partner and shareholder in the Firm with an equity interest in 4.67% of its net assets and income. Plaintiff Knoth alleged he joined the Climaco Firm in 1991 and became an equity partner in March 1994. He was a member of an equity participation pool with two other shareholders. Both Krassen and Knoth also held equity interests in CCSLG Development Co., Ltd. II ("CCSLG").
{¶ 7} Plaintiffs claimed that the shareholders of the Climaco Firm agreed that if a shareholder left the Firm, he or she would be paid a sum equal to at least one-half the compensation the shareholder had received in the year preceding his or her departure in satisfaction of his or her equity interest. Plaintiffs alleged that they both left the Climaco Firm effective June 30, 1997, and made demand for this payment and for liquidation of their interests in CCSLG, but their demands were refused.
{¶ 8} Plaintiffs claimed they were entitled to this "Termination Payment" as well as the value of their interest in CCSLG, and that the Climaco Firm breached their contract by failing to pay these amounts (Count I). Alternatively, plaintiffs claimed they justifiably relied on the Climaco Firm's promises, so the firm was estopped from denying it was obligated to make these payments (Count II). Furthermore, plaintiffs argued that the Climaco Firm wrongfully converted their ownership interests and their share of the firm's net profits for the year they left when it terminated plaintiffs' stock interests in the Firm (Count III, VII and VIII). Plaintiffs sought an accounting of the value of their interests in the Firm and CCLSG (Counts IV, V, and VI). Finally, they claimed the Firm failed to pay them for their work through the last day of their employment and was therefore unjustly enriched (Count IX).
{¶ 9} Defendants immediately filed a motion to dismiss or to transfer the case to the Cuyahoga County Common Pleas Court. The court denied the motion to dismiss, but granted the motion to transfer venue.
{¶ 10} After the case was transferred to the Cuyahoga County Common Pleas Court, the Climaco Firm answered, denying the essential allegations of the complaint. The Firm then filed a motion for judgment on the pleadings, asserting that plaintiffs had no right to have the Climaco Firm redeem their shares, nor did they have any right to share in the Firm's revenues after they left. The Firm also alleged that plaintiffs could not maintain a claim for conversion because that cause of action does not apply to intangible property like stock.
{¶ 11} The court granted the Firm's motion for judgment on the pleadings in a half-sheet entry filed June 14, 1999 which stated:
 {¶ 12} Motion for Judgment on the Pleadings by Defendant Climaco, Climaco, Lefkowitz Garofoli Co., L.P.A. filed 6/3/99 is hereby granted. Pursuant to Ohio R.[Civ. P.] 12(C), construing the pleadings in a light most favorable to Plaintiffs, plaintiffs have failed to state a claim upon which relief can be granted.
{¶ 13} Final.
{¶ 14} Plaintiffs attempted to appeal this ruling, but their appeal was dismissed because their claims against CCSLG were not resolved by the court's orders. Krassen v. Climaco, Climaco, Lefkowitz Garofoli
(Sep. 2, 1999), Cuyahoga App. No. 76638. Plaintiffs then voluntarily dismissed their claims against CCSLG, without prejudice and again attempted to appeal the court order granting judgment on the pleadings. This court dismissed that appeal because neither the motion for judgment on the pleadings nor the common pleas court order had addressed appellants' unjust enrichment claim, so the order still was not final.Krassen v. Climaco, Climaco, Lefkowitz Garofoli (Jan. 22, 2001), Cuyahoga App. No. 77046. The common pleas court then entered the following order on August 28, 2001:
 {¶ 15} Judgment entry. Count 9 of the Ptfs' complaint is hereby dismissed for the same reasons stated in the court's 6/14/99 order. Final.
{¶ 16} Plaintiffs now appeal from this judgment.
 LAW AND ANALYSIS
{¶ 17} Plaintiffs first argue that the common pleas court erred by granting the Climaco Firm's motion for judgment on the pleadings. A Civ.R. 12(C) motion for judgment on the pleadings presents a strict question of law. The common pleas court may consider only the statements in the pleadings; it may not consider evidentiary materials. If the party opposing the motion pleads facts contradictory to those alleged by the movant, the motion for judgment on the pleadings must be denied. Epperlyv. Medina Cty. Bd. of Edn. (1989), 64 Ohio App.3d 74, 76.
{¶ 18} The pleadings must be construed in the light most favorable to the party against whom the motion is made, and all reasonable inferences must be drawn in that party's favor. Burnside v. Leimbach
(1991), 71 Ohio App.3d 399, 402-403. Dismissal under Civ.R. 12(C) is only appropriate when the court finds beyond doubt that the plaintiff could prove no set of facts in support of his or her claim that would entitle the plaintiff to relief. We review the common pleas court's decision denovo. Drozeck v. Lawyer Title Ins. Corp. (2000), 140 Ohio App.3d 816,820.
{¶ 19} Count I of the complaint alleges that the Climaco Firm breached its contract with plaintiffs by failing to pay them their "Termination Payments." The Climaco Firm asserted it was entitled to judgment on this claim as a matter of law because the Ohio Supreme Court's decision in Colaluca v. Climaco, Climaco, Seminatore, Lefkowitz Garofoli Co., L.P.A. (1995), 72 Ohio St.3d 229, paragraph one of the syllabus, holds that a legal professional association has no obligation to redeem the stock of a shareholder/employee who is separated from his or her employment absent a written agreement to redeem. Plaintiffs concede that Colaluca requires a written redemption agreement but denies that their complaint demands redemption. Rather, they argue that the Firm already "redeemed and converted" their shares and that they are simply seeking compensation for their interests.
{¶ 20} We reject plaintiffs' characterization of their complaint. While Count III alleges that the Firm converted plaintiffs' shares by terminating plaintiffs' stock interests in the Firm, Count I of the complaint claims the Firm breached its contract with plaintiffs by failing to pay "Termination Payments," which they define as payments in satisfaction of the shareholders' equity interests in the Firm. Plaintiffs' alleged right to the "Termination Payments" is clearly a claimed right to redemption: Redemption is, by definition, a repurchase of stock by a corporation. See R.C. 1701.23 and 1701.35(A)(1). A corporation's payment in satisfaction of a shareholder's equity interest is simply another way of describing a stock repurchase.
{¶ 21} The claim for the "Termination Payments" and the claim for conversion are not the same. "Redemption" and "conversion" are mutually exclusive concepts. Redemption is a repurchase, and implies no dispute as to ownership or control, while conversion is "the wrongful exercise of dominion over property to the exclusion of the rights of the owner, or withholding it from his possession under a claim inconsistent with his rights." Joyce v. General Motors Corp. (1990), 49 Ohio St.3d 93, 96.
{¶ 22} The Climaco Firm was entitled to judgment as a matter of law on the claim for redemption stated in Count I. Although the complaint does not explain whether the alleged contract among the shareholders was in writing or not, plaintiffs admitted that there was no written contract, by implication in their affidavits in response to the Firm's motion for judgment on the pleadings and expressly in oral argument before this court.[1] Thus, plaintiffs' redemption claim is clearly precluded by Colaluca.
{¶ 23} Plaintiffs have alternatively claimed that the Firm failed to pay them their distribution of the Firm's profits (Counts VII and VIII). Even though the Climaco Firm had no obligation to redeem plaintiffs' stock, these alternative claims present factual questions as to plaintiffs' rights as shareholders which cannot be decided on the pleadings. Cf. Colaluca, 72 Ohio St.3d at 233 (noting Gov.Bar R. III(3)(D) does not prohibit an attorney from owning shares in one firm while practicing with another).[2] Accordingly, the Climaco Firm was not entitled to judgment as a matter of law on Counts VII and VIII.
{¶ 24} Plaintiffs also claim the Firm wrongly converted their stock when the Firm's counsel advised them their shares had been "terminated" (Count III). The Firm's assertion that there is no cause of action for conversion of an intangible property like stock is not an accurate statement of the law. Cincinnati Finance Co. v. Booth (1924),111 Ohio St. 361; Schafer v. RMS Realty (2000), 138 Ohio App.3d 244,281-86. Accordingly, the Firm was not entitled to judgment as a matter of law on Counts III.
{¶ 25} Count II claims the Climaco Firm is estopped from denying that it agreed to make the Termination Payments to plaintiffs. The Firm's motion for judgment on the pleadings demanded judgment on this claim, but did not provide a basis for this demand; nevertheless, the common pleas court granted the Firm judgment. The parties' briefs before this court also do not argue whether judgment was appropriate on the promissory estoppel claim. At this early stage of the proceedings, absent any argument from the parties, we cannot say that the Firm is entitled to judgment as a matter of law on Count II.
{¶ 26} Counts V and VI assert that an accounting is necessary to determine the value of plaintiffs' interests in the Firm and in contingency fee cases. These accountings may be needed to assess plaintiffs' damages on the remaining claims for promissory estoppel, shareholder distributions and conversion. Therefore, the Firm is not entitled to judgment as a matter of law on the claims for an accounting.
{¶ 27} Count IX claims the Climaco Firm was unjustly enriched by failing to pay plaintiffs through the date of their resignations, including accrued vacation pay. On its face, this claim appears to assert that the Firm was unjustly enriched by services provided by plaintiffs for which they were not compensated. Factual issues preclude judgment on this claim.
{¶ 28} Accordingly, we overrule the first assignment of error with respect to Count I and affirm the common pleas court's judgment for the Firm on that claim. However, we sustain the first assignment of error with respect to the remaining claims, reverse the common pleas court's judgment on Counts II, III, V, VI, VII, VIII, and IX and remand for further proceedings.[3]
{¶ 29} The second assignment of error complains that the court erred by denying Plaintiff's motion to compel discovery. Plaintiffs urge that the common pleas court likely concluded that the requested information was not relevant, in mistaken reliance upon Colaluca. The common pleas court did not explain the basis for its decision. We decline to speculate. Appellants have failed to show that the common pleas court abused its discretion by denying their motion to compel. Therefore, the second assignment of error is overruled.
{¶ 30} Finally, plaintiffs contend that the common pleas court in Franklin County erred by transferring venue to Cuyahoga County. We have no jurisdiction to review a decision of the Franklin County Common Pleas Court. R.C. 2501.02; State v. Milo (1986), 28 Ohio App.3d 60.
Therefore, we affirm the judgment on Count I of the complaint, reverse the judgment with respect to Counts II, III, V, VI, VII, VIII, and IX, and remand for further proceedings.
This cause is affirmed in part, reversed in part and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellee their costs herein.
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, J. and FRANK D. CELEBREZZE, JR., J. CONCUR
[1] Although not based on the pleadings alone, judicial economy dictates our ruling. It is clear that plaintiffs cannot amend their complaint or prove the facts essential to support a cause of action for redemption. Therefore, it would be futile for us to remand for further proceedings on this claim based on the ambiguous pleadings alone.
[2] The common pleas court's decision in Seminatore v. Medical Mutualof Ohio, Cuyahoga County Court of Common Pleas, Case No. 352356, Judgment Entry dated Oct. 14, 1998) has no bearing on this issue. Seminatore
concerned an attorney's right to collect a retainer after the client terminated his services. That decision has no relation to an agreement among shareholders with respect to the division of profits. The Firm's argument that the sharing of profits would amount to unethical fee splitting under D.R. 2-107 begs the question whether plaintiffs are not "in the same firm" if they continue to own unredeemed stock in the firm. Members of the same firm may share fees.
[3] Counts I and IV also asserted claims against CCSLG. These claims were voluntarily dismissed without prejudice, and are not the subject of this appeal.