This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Jennifer Jagusch, appeals from the judgment of the Medina County Court of Common Pleas, Domestic Relations Division, that entered a judgment of divorce. We affirm in part and reverse in part.
{¶ 2} On July 6, 2000, Appellant filed a complaint for divorce against Appellee, Charles Jagusch. Appellee answered and filed a counterclaim for divorce. The parties engaged in mediation, but were unable to resolve all issues. As such, a bench trial followed, and the trial court entered a decree of divorce in favor of Appellant. Appellant timely appeals and raises three assignments of error for review.
 ASSIGNMENT OF ERROR I
{¶ 3} "The trial court abused its discretion and made findings against the manifest weight of the evidence by failing to consider as a divisible marital asset the bonus money earned by [Appellee] from his employer in 2000, 2001, and 2002, and when mediation resulted in 50/50 division of at least the 2000 bonus."
{¶ 4} In her first assignment of error, Appellant avers that the trial court abused its discretion when it failed to consider the bonus money earned by Appellee as a marital asset to be divided between the parties. We agree in part and disagree in part.
{¶ 5} The trial court maintains the discretion to equitably divide marital property as required by R.C. 3105.171. Berish v. Berish (1982),69 Ohio St.2d 318, 319; Ingle v. Ingle (Nov. 16, 1994), 2nd Dist. No. 3096. Although the trial court should strive to divide marital property equally between the parties, the division need not be equal if it would be inequitable to do so. R.C. 3105.171(C). However, the trial court's absolute failure to divide marital property either equally or otherwise constitutes an abuse of discretion. Ingle, supra.
{¶ 6} Absent an abuse of discretion, an appellate court will not disturb a trial court's division of marital property pursuant to R.C.3105.171. Booth v. Booth (1989), 44 Ohio St.3d 142, 144. An abuse of discretion suggests more than an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. It implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Id.
{¶ 7} To facilitate review, we will separately address the 2000, 2001, and 2002 bonuses.
 2000 Bonus
{¶ 8} In the instant case, the record reveals that the parties attended mediation prior to trial in an attempt to resolve various issues. One issue that was addressed and resolved was the division of the 2000 bonus. Specifically, the parties agreed that "[Appellee's] 2000 bonus [was] to be shared equally[.]" Although mediation is a non-binding process, an agreement reached through mediation is enforceable as is any contractual agreement. Forysiak v. Laird Marine and Mfg. (Oct. 19, 2001), 6th Dist. No. OT-00-049. See, also, Oliver Design Group v.Westside Deutscher Frauen-Verein, 8th Dist. No. 81120, 2002-Ohio-7066, at ¶ 12, fn. 2 (stating that mediation is only binding if the parties reach an agreement). As such, the trial court should interpret the agreement to carry out the intent of the parties. See Skivolocki v. EastOhio Gas Co. (1974), 38 Ohio St.2d 244, paragraph one of the syllabus (asserting that courts are to interpret contracts to effectuate the intent of the parties). The intent of the parties is presumed to reside in the language employed in the agreement. Kelly v. Medical Life Ins.Co. (1987), 31 Ohio St.3d 130, paragraph one of the syllabus. The words in the agreement will be given their plain and ordinary meaning unless doing so would manifest an absurd result or another meaning is evident from the face or contents of the agreement. See Shifrin v. Forest CityEnt., Inc. (1992), 64 Ohio St.3d 635, 638.
{¶ 9} The parties evidenced their intent regarding the 2000 bonus during mediation and decided that Appellee's 2000 bonus would be shared equally. Giving the words their plain and ordinary meaning does not manifest an absurd result nor is another meaning evident from the face or contents of the agreement. See id. Accordingly, we find that the trial court abused its discretion by failing to carry out the intent of the parties as evidenced by their agreement created during mediation. Consequently, the trial court should have equally divided Appellee's 2000 bonus between the parties. Appellant's assignment of error one as it pertains to the 2000 bonus is sustained.
 2001 Bonus
{¶ 10} Employment bonuses earned by one spouse during the marriage constitute "marital property" and are subject to distribution. Kaechelev. Kaechele (1988), 35 Ohio St.3d 93, 97; Holcomb v. Holcomb (1989),44 Ohio St.3d 128, 132. Therefore, it follows that any employment bonus acquired following the termination of the marriage is not subject to distribution. The record indicates that Appellee received an employment bonus on March 15, 2001. As the marriage was not terminated until April 9, 2002, the 2001 bonus was earned during the marriage and, therefore, constitutes marital property subject to distribution. See Kaechele,35 Ohio St.3d at 97; Holcomb, 44 Ohio St.3d at 132. As a result, we conclude that the trial court did abuse its discretion by failing to distribute Appellee's 2001 bonus between the parties and it must equitably divide the bonus. Appellant's assignment of error one relating to the 2001 bonus is sustained.
 2002 Bonus
{¶ 11} Appellant contends that the trial court should have included Appellee's 2002 bonus in its computation of marital property to be divided between the parties; however, upon a review of the record, we find that there was no evidence presented that Appellee did in fact receive a bonus in 2002. Specifically, at trial, Appellant testified that she "expected" Appellee to receive a bonus. As there was no evidence demonstrating the existence of a 2002 bonus, the trial court had nothing to divide between the parties and, therefore, the trial court did not abuse its discretion. Appellant's assignment of error addressing the 2002 bonus is overruled.
 ASSIGNMENT OF ERROR II
{¶ 12} "The trial court erred in failing to divide marital debt owed to [Appellant's] father, when mediation had resulted in agreement to divide the debt 50/50."
{¶ 13} In her second assignment of error, Appellant argues that her testimony and the mediation agreement establish that the consolidation loan was a marital debt; therefore, the trial court erred when it determined that that the consolidation loan was not a marital debt subject to division. Appellant's argument lacks merit.
{¶ 14} In a divorce action, the trial court must first classify property as marital or non-marital. R.C. 3105.171(B). Marital property is defined to include:
{¶ 15} "(i) All real and personal property that currently is owned by either or both of the spouses, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage;
{¶ 16} "(ii) All interest that either or both of the spouses currently has in any real or personal property, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage;
{¶ 17} "(iii) Except as otherwise provided in this section, all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage;
{¶ 18} "(iv) A participant account, as defined in [R.C. 148.01], of either of the spouses, to the extent of the following: the moneys that have been deferred by a continuing member or participating employee, as defined in that section, and that have been transmitted to the Ohio public employees deferred compensation board during the marriage and any income that is derived from the investment of those moneys during the marriage; the moneys that have been deferred by an officer or employee of a municipal corporation and that have been transmitted to the governing board, administrator, depository, or trustee of the deferred compensation program of the municipal corporation during the marriage and any income that is derived from the investment of those moneys during the marriage; or the moneys that have been deferred by an officer or employee of a government unit, as defined in [R.C. 148.06], and that have been transmitted to the governing board, as defined in that section, during the marriage and any income that is derived from the investment of those moneys during the marriage." R.C. 3105.171(A)(3)(a).
{¶ 19} Conversely, non-marital property consists of:
{¶ 20} "(a) *** all real and personal property and any interest in real or personal property that is found by the court to be any of the following:
{¶ 21} "(i) An inheritance by one spouse by bequest, devise, or descent during the course of the marriage;
{¶ 22} "(ii) Any real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage;
{¶ 23} "(iii) Passive income and appreciation acquired from separate property by one spouse during the marriage;
{¶ 24} "(iv) Any real or personal property or interest in real or personal property acquired by one spouse after a decree of legal separation issued under [R.C. 3105.17];
{¶ 25} "(v) Any real or personal property or interest in real or personal property that is excluded by a valid antenuptial agreement;
{¶ 26} "(vi) Compensation to a spouse for the spouse's personal injury, except for loss of marital earnings and compensation for expenses paid from marital assets;
{¶ 27} "(vii) Any gift of any real or personal property or of an interest in real or personal property that is made after the date of the marriage and that is proven by clear and convincing evidence to have been given to only one spouse." R.C. 3105.171(A)(6).
{¶ 28} As a trial court's classification of property as either marital or non-marital is a factual finding, an appellate court reviews the finding to determine whether it is supported by some competent, credible evidence. Spinetti v. Spinetti (Mar. 14, 2001), 9th Dist. No. 20113, at 7, citing Barkley v. Barkley (1997), 119 Ohio App.3d 155, 159.See, also, Keyser v. Keyser (Apr. 9, 2001), 12th Dist. No. CA2000-06-127. "This standard of review is highly deferential and even `some' evidence is sufficient to sustain the judgment and prevent a reversal." Barkley, 119 Ohio App.3d at 159. Accordingly, an appellate court is guided by a presumption that the findings of the trial court are correct, as the trial court is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use those observations in weighing the credibility of the proffered testimony.Id., citing In re Jane Doe I (1991), 57 Ohio St.3d 135, 138.
{¶ 29} Following the trial court's classification of property as either marital or non-marital, the trial court possesses broad discretion to effect an equitable and fair division of the marital property. Cherryv. Cherry (1981), 66 Ohio St.2d 348, 355; Krisher v. Krisher (1992),82 Ohio App.3d 159, 163. When reviewing the equity of a division of property, an appellate court will not disturb the trial court's decision absent an abuse of discretion. Cherry, 66 Ohio St.2d at 355.
{¶ 30} At trial, Appellant testified that the parties had inadequate credit, thereby preventing them from obtaining a consolidation loan. As a result, Appellant stated that her father obtained a consolidation loan on their behalf, and the loan was "also in [her] father's name." Appellant then asserted that the consolidation loan constituted a marital debt. However, Appellant did not present any documentary or corroborating evidence to support her testimony that the consolidation loan was in fact a marital debt. It follows that without such documentary or corroborating evidence, we cannot say that a link necessarily exists between her father's consolidation loan and the parties. Further, upon a review of the mediation agreement, we find that it does not establish that the consolidation loan was a marital debt; this agreement merely addresses the payment date of the consolidation loan and does not categorize the consolidation loan as a marital debt.
{¶ 31} The only evidence supporting Appellant's contention that the consolidation loan is a marital debt is her testimony and, as the trial court is in the best position to weigh the credibility of the testimony, we are guided by the presumption that the trial court's classification of property is correct. See Barkley,119 Ohio App.3d at 159, citing In re Jane Doe I, 57 Ohio St.3d at 138. Accordingly, after a thorough review of the record, we hold that the trial court's factual determination, namely that the consolidation loan is not a marital debt, was correct. Furthermore, as the trial court properly determined that the consolidation loan was not a marital debt, it did not abuse its discretion when it determined that the consolidation loan was not subject to division. Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III
{¶ 32} "It is an abuse of discretion and, therefore, error for the trial court to impose a shared parenting plan without due regard to all of the requirements of [R.C.] 3109.04(F)(1)."
{¶ 33} In her third assignment of error, Appellant contends that the trial court abused its discretion when it imposed a shared parenting plan rather than a standard order of visitation, as the shared parenting plan is not in the best interest of the parties' child. We do not agree with Appellant's contention.
{¶ 34} A trial court has the authority to allocate parental rights and responsibilities pursuant to R.C. 3109.04(A). However, prior to imposing a shared parenting plan, the trial court must first determine whether such plan is in the best interest of the children. R.C.3109.04(D)(1)(b). In determining whether a shared parenting plan is in the best interest of the children, a trial court must consider all relevant factors, including, but not limited to, the factors set forth in R.C. 3109.04(F)(1) and (2).
{¶ 35} In this case, the record indicates that the trial court reviewed Appellee's proposed shared parenting plan, the Guardian ad Litem's report, and the testimony presented at trial. Based upon this evidence, the trial court found that a shared parenting plan was in the best interest of the parties' child and, therefore, imposed the plan. We note that the record on appeal is incomplete; specifically, Appellant has failed to include the Guardian ad Litem's report, as required by App.R. 9. Appellant bears the burden of ensuring that the record necessary to determine the appeal is filed with the appellate court. App.R. 9(B). SeeState v. Williams (1995), 73 Ohio St.3d 153, 160. If the record is incomplete, the reviewing court must presume the regularity of the trial court's proceedings and affirm its decision. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. See, also, Wozniak v.Wozniak (1993), 90 Ohio App.3d 400, 409 (declaring where portions of record are omitted, which are necessary for effective review, the appellate court must affirm). As the trial court explicitly based its finding, in part, on the Guardian ad Litem's report and, in the absence of the complete record, we must presume that the Guardian ad Litem's report, combined with the record on appeal, supports the finding that the shared parenting plan is in the best interest of the parties' child. SeeKnapp, 61 Ohio St.2d at 199; Wozniak, 90 Ohio App.3d at 409. Consequently, Appellant's third assignment of error is overruled.
{¶ 36} Appellant's assignment of error one is overruled in part and sustained in part and assignments of error two and three are overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed in part, reversed in part, and cause remanded for proceedings consistent with this opinion.
WHITMORE, J. and BATCHELDER, J. CONCUR.