DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Plaintiffs-Appellants Kristian and Kimberly Gau have appealed from the judgment of the Summit County Court of Common Pleas in which a jury found in favor of Defendant-Appellee Paige Mottice. This Court affirms.
 I {¶ 2} On November 12, 2003, Appellant Kristian Gau and Appellee were involved in a motor vehicle accident. Appellee rear-ended Kristian when she accelerated too quickly from a stop light. Within minutes of the accident, Kristian took photographs of the positions of the vehicles and the damages suffered by both vehicles. *Page 2 
 {¶ 3} On November 8, 2005, Kristian and his wife Kimberly filed suit against Appellee for personal injury and loss of consortium respectively. During the trial, Appellee introduced Kristian's photographs, which depicted minimal damage to the two vehicles. Appellants objected to the publication of these photographs to the jury, asserting that they were irrelevant because no claim for property damage existed.
 {¶ 4} The parties agreed in the trial court that Appellee was negligent in causing the accident. Consequently, the sole issue before the jury was whether or not Appellee proximately caused the injuries alleged by Kristian.
 {¶ 5} This Court's review of the facts is limited as the sole transcripts provided by Appellants consist of the cross examination of Kristian, the direct examination of Appellee, and the admission of evidence colloquy with the trial court. Kristian testified that after the accident he had pain in his back and shoulder when performing certain activities. In contrast, Appellee testified that she was nearly nine months pregnant when the accident occurred and that her seat belt did not even tighten because of the low impact of the collision. Appellee also testified that her two-and-a-half year old child did not awaken in the back seat because the impact was so slight.
 {¶ 6} At the conclusion of the evidence, the jury returned a verdict in favor of Appellee. Following the trial court's journalization of that verdict, Appellants timely appealed. Appellants have raised one assignment of error for review. *Page 3 
 II Assignment of Error "THE TRIAL COURT ERRED WHEN IT OVERRULED PLAINTIFFS' OBJECTIONS AND ALLOWED PHOTOGRAPHS TO BE ADMITTED INTO EVIDENCE."
 {¶ 7} In their sole assignment of error, Appellants have argued that the trial court erred when it admitted photographs of the property damage to the two vehicles involved in the accident. This Court finds no prejudice from any alleged error.
 {¶ 8} We need not reach the merits of Appellants' contention. Assuming, arguendo, that the trial court erred in admitting the photographs, Appellants cannot demonstrate prejudice from their admission.
 {¶ 9} On appeal, Appellants have provided only excerpts from the proceedings below. The record before this Court consists of the transcripts of the cross examination of Kristian, the direct examination of Appellee, and the colloquy in which the trial court admitted the photographs into evidence. In their brief, Appellants assert that they provided expert medical evidence regarding the proximate cause of Kristian's injuries and that the jury "obviously significantly relied on the photographs in reaching their verdict, to the extent that they ignored the evidence Appellants presented in support of their claims."
 {¶ 10} An appellant bears the burden of ensuring that the record necessary to determine the appeal is filed with the appellate court. App.R. 9(B); State v. *Page 4 Williams (1995), 73 Ohio St.3d 153, 160. Accordingly, it is the Appellants' duty to provide a transcript for appellate review because they bear the burden of demonstrating error by reference to matters in the record. State v. Skaggs (1978), 53 Ohio St.2d 162, 163. When the record is incomplete, this Court must presume the regularity of the trial court's proceedings and affirm its decision. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. See, also, Wozniak v.Wozniak (1993), 90 Ohio App.3d 400, 409 (declaring where portions of the record are omitted, but are necessary for effective review, the appellate court must affirm).
 {¶ 11} In the instant matter, we do not have a complete record of the trial court proceedings and therefore Appellants cannot demonstrate that they were prejudiced by the admission of the photographs. Appellants concede that the record does not contain the transcripts of their expert testimony which purportedly was used to establish proximate cause, the sole contested issue at trial. By supplying only a partial transcript, Appellants have effectively asked this Court to presume prejudice. We decline to do so. Without an adequate transcript, we must presume that the jury properly reached its decision. Appellants' sole assignment of error lacks merit.
 III {¶ 12} Appellants' assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed. *Page 5 
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
 SLABY, P. J. DICKINSON, J., CONCUR *Page 1